CHARLES OLSEN ET AL. *v.* INLAND WETLANDS COMMISSION OF THE CITY OF TORRINGTON ET AL. (3622)

HULL, SPALLONE and DALY, Js.

Argued January 15—decision released April 8, 1986

*Eugene A. Marconi,* for the appellant (plaintiff Orlando Moranino).

*John P. Febbroriello,* for the appellees (defendants).

DALY, J. This is an appeal by the plaintiff, Orlando Moranino,[1] from the granting of an inland wetlands permit by the named defendant for the construction of two apartment buildings. From the dismissal of the appeal by the trial court for lack of aggrievement, Orlando Moranino is the sole appellant.

The facts are not in dispute. On June 17, 1983, the defendant Barry Cone applied to the defendant commission for a permit to build sixteen one-bedroom units in two separate buildings on property located in a designated inland wetlands area near Birney Brook in Torrington. The defendant, Harold Burns, was owner of the

---

[1] The named plaintiff, Charles Olsen, and other plaintiffs are not involved in this appeal.

land.[2] The commission held a public hearing on September 12, 1983, and held a voting session on October 24, 1983, at which time it voted three to one, with two abstentions, to grant the permit. One commissioner voting in favor of the permit had not attended the public hearing. From this ruling, the plaintiffs, Charles Olsen, John Boido, Orlando Moranino and Herman Weingart, appealed to the trial court. Moranino, claiming aggrievement, was the only plaintiff who testified and, therefore, the trial court dismissed the action as to the remaining plaintiffs. Moranino testified that he was the owner of abutting property, received specific notice of the hearing, attended and was heard through his attorney. Some testimony was elicited with regard to the evaluation of surrounding properties resulting from approval of the project. The trial court found that the plaintiff was not aggrieved, and this appeal followed.

The plaintiff has challenged the finding that he was not an aggrieved person, claiming that the trial court applied an incorrect standard as to his burden of proof of aggrievement.

"This action arises under the Inland Wetlands and Watercourses Act (act) which is contained in General Statutes §§ 22a-36 through 22a-45, inclusive. Pursuant to § 22a-42 of the act, municipalities are encouraged to create agencies to regulate activities affecting wetlands and watercourses within their territorial limits. . . . Under the act, no regulated activity may be conducted on a wetland without a permit. General Statutes § 22a-42a (c). Municipal agencies are authorized to grant, deny or limit any permit for a regulated activity. General Statutes § 22a-42a (d)." *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 221, 492 A.2d 508 (1985).

---

[2] The city of Torrington did not appear at oral argument but sides with the defendants.

The plaintiff has appealed from the decision of the commissioner pursuant to General Statutes § 22a-43 which provides in relevant part: "Any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive . . . may, within fifteen days after publication of such regulation, order, decision or action appeal to the superior court . . . ." The plaintiff claims that he is aggrieved because he is an adjoining landowner and because he received notice of the hearing. Mere status as a party or participant in a hearing before an administrative agency does not by itself constitute aggrievement for the purposes of appellate review. *Bakelaar* v. *West Haven,* 193 Conn. 59, 66, 475 A.2d 283 (1984). While a landowner's standing or aggrievement under General Statutes § 8-8 may be established by merely owning land which abuts land subject to a zoning decision, the provisions of § 22a-43 do not so expressly provide. The plaintiff, therefore, bears the burden of proving his claim of aggrievement under § 22a-43.

"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, 'the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 493, 400 A.2d 726 (1978), quoting *Nader* v. *Aldermatt,* 166 Conn. 43, 51, 347 A.2d 89 (1974); *Hall* v. *Planning Commission,* 181 Conn. 442, 444, 435 A.2d 975 (1980). The determination of aggrievement is a question of fact for the trial court, and the plaintiff has the burden of proving that fact. *Hartford Distributors, Inc.* v. *Liquor Con-*

*trol Commission,* 177 Conn. 616, 622, 419 A.2d 346 (1979); *Nader* v. *Aldermatt,* supra, 59. The trial court must consider whether the plaintiff's allegations, if proven, constitute aggrievement as a matter of law and, then, whether the plaintiff can prove the truthfulness of his allegations. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* supra, 495.

To establish aggrievement, the plaintiff offered the testimony of a property assessor as evidence that the commission's approval of the application would depreciate the value of his property. The court found and the transcript reveals that this testimony was purely speculative and insufficient to establish aggrievement. "Aggrievement is established if 'there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.' " (Citation omitted.) *Hall* v. *Planning Commission,* supra, 445. Mere generalization and fears are not sufficient to establish aggrievement. *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 478, 408 A.2d 252 (1979).

The conclusions reached by the trial court cannot be disturbed on appeal unless the subordinate facts do not support them. We find no error in the judgment of the court that the plaintiff failed to carry his burden on the issue of aggrievement. Pleading and proof of aggrievement were prerequisites to the trial court's subject matter jurisdiction. In the absence of such pleading and proof, the court properly dismissed the appeal from the commission's decision.

There is no error.

In this opinion the other judges concurred.