[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Introduction
The present appeal by five East Hartford landowners concerns the wholesale revision to the inland wetlands and watercourses regulations enacted by the defendant Inland Wetlands-Environment Commission of the Town of East Hartford (hereinafter "the Commission") on June 26, 1990.
The public hearing was held on June 11, 1990 and on June 26, 1990, after discussion, the Commission voted unanimously to adopt the new regulations. The present action was filed on July 23, 1990.
II. Discussion
 A.
General Statutes 22a-43(a) restricts those people that may appeal a Commission decision to those who are aggrieved or those who own land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in the decision. Olsen v. Inland Wetlands Commission, 6 Conn. App. 715,718, (1986). Aggrievement must be both properly pleaded and proved. Walls v. Planning and Zoning Commission,176 Conn. 475, 479 (1979). Plaintiffs Joseph W. Schultz, Robert E. DePietro, Ernest A. Noch and Richard A. DePietro all testified in support of paragraphs nine and ten of their complaint that they own land which contains inland wetlands or watercourses. This court finds that they have a specific and personal interest which has been injuriously affected and are therefore aggrieved. Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 493 (1978). Arline R. Noch did not testify nor did Ernest A. Noch indicate her relationship or status at the time of trial and this court is unable to find that she is aggrieved. Hall v. Planning Commission, supra, 444; Foran v. Zoning Board of Appeals, 158 Conn. 331, 336 (1969).
 B.
The regulations involved in this appeal are some fifty seven pages long and include not only regulatory text but also a sample conservation easement and application form. The regulations were promulgated to comply with the legislature's declaration that the inland wetlands and watercourses of this CT Page 8635 state are, inter alia, "an indispensable and irreplaceable but fragile natural resource with which the citizens of the state have been endowed." General Statutes 22a-36; Regulations 1.1 (Return Item 8). In their complaint and again at trial, the plaintiffs indicated that their appeal is based on four fronts. First, they argue that the regulations are invalid because they were not readily available to the public. Second, they argue that the regulations actually adopted were different from those at the public hearing and are therefore invalid. Third, they maintain that those provisions of the regulations that allow for a conservation buffer area, also known as a set back area, are unlawful because they both exceed statutory authority and they have no physical or scientific basis. Finally, as a result of the adoption of these regulations, and specifically the buffer area requirements, the plaintiffs maintain that their property has suffered such a severe economic impact that this court should find a taking.
1.
The first issue concerns the availability of the regulations prior to the public hearing. Section 22a-42(a)(b) governing the adoption of regulations, states that in addition to the public notice requirements, "a copy of such proposed regulations . . . shall be filed in the office of the town, city or borough clerk as the case may be in such municipality, for public inspection at least ten days before such hearing, and may be published in full in such paper." There is no suggestion that the proposed regulations were not on file in the town clerk's office. Indeed, at oral argument, the plaintiffs conceded that the statutory requirement was satisfied. The plaintiffs maintain that the regulations were not published and that for convenience purposes, the Commission should have taken that step. The statute requires the placement of the regulations in the office but does not require publication of the full text. Our courts have long held that failure to comply with a directory provision does not render a decision void. Corsino v. Grover, 148 Conn. 299, 310 (1961). As the publication option does not even rise to the level of a directory provision, the decision cannot be reversed on this ground alone.
2.
The plaintiffs next challenge the regulations by claiming that the final version adopted on June 26, 1990 was different from that presented at the public hearing. Paragraph eight of the complaint states that the regulations were approved as presented with the exception of two (2) revisions: one to Section 3.1 "mapping" and one to Section 4.1(b) "operation and uses permitted as of right." CT Page 8636
The court first notes that the record does not contain the public hearing version of the regulations or of these specific sections. It is, of course, the plaintiffs' burden to insure an adequate record and by failing to include the information, the court is hampered in its ability to make a determination. Thorne v. Zoning Board of Appeals, 156 Conn. 619,621 (1968). In addition, both sides have failed to brief the issue. It has long been our practice to treat issues as abandoned if not briefed. Mather v. Griffin Hospital,207 Conn. 125, 129 n. 2 (1988).
Notwithstanding this, however, a review of the record as returned including the regulations indicates that, in actuality, there was only one change. Section 3.1 was modified by the addition of the phrase "or other qualified individuals" to the sentence referring to those persons who may locate watercourses. (Return Item 7, June 26, 1990, pp. 9-11). A review of that same transcript, at pages 4-5, indicates that no change was ultimately made to the two dates in subsection 4.1b. The court notes that with the exception of the last sentence in that subsection, the language is copied directly from General Statutes 22a-40(a)(2). The regulations incorporate the same dates as found in the statute and the 1987 date was added inP.A. 87-533 — thus, in effect before these regulations were adopted. As indicated, this court did not receive any information whether in the record, the pleadings, or at trial which would indicate that the Commission did in fact change the dates. Therefore, this court assumes that there was only one small change.
The fact that a change was made to the proposed regulations after the public hearing does not necessarily mean there is a denial of due process or other statutory violation. The statutory scheme anticipates and encourages public comment to assist the board in formulating the best regulations for the community. As stated in Couch v. Zoning Commission, 141 Conn. 349,358 (1954), "weaknesses in the plan might be exposed at the hearing and if this occurred the commission should be guided accordingly." Additionally,
 If the public hearing was had merely to comply with a statutory requirement and if the commission had theretofore resolved that, regardless of what might be developed by those in attendance, the zones were to be established as previously determined, the action of the commission might well be classified as arbitrary. The ultimate decision to effect a change in boundaries had to await the hearing, at which the CT Page 8637 public were privileged to express themselves. Id., 357.
This court does not believe the addition of the phrase "or other qualified individuals" or other minor changes made after the public hearing should or could invalidate these regulations.
3.
The third challenge is the substantive issue concerning the legality of the conservation buffer area regulations. The new regulations allegedly expand the Commission's scope of review. The buffer area is defined at subsection 2.1(b) as
 `Conservation buffer area' means that area within a radius of one hundred (100) feet from each point on the boundary of a inland wetland and two hundred (200) feet from a watercourse not otherwise regulated pursuant to Section 22a-28 through 22a-35 of the Connecticut General Statutes, as amended.
Additionally, the definitions of regulated activity and regulated area are expanded by including the 100/200 foot conservation buffer area (Return Item 8, Regulations 2.1 [cc], [dd]). The effect of this overall change is that a landowner must now secure a permit to conduct a regulated activity both in a wetland or watercourse and for the area 100 feet from the wetland and 200 feet from the watercourse.
In their challenge, the plaintiffs have first argued that there is nothing in this record to support the buffer area requirement from a scientific basis. They further maintain that the regulations are unconstitutional as they "render their properties practically unuseable" (Plaintiff's Brief p. 2).
 A.
Land use commissions act in a legislative capacity when adopting regulations. Parks v. Planning and Zoning Commission178 Conn. 657, 660 (1979). The court therein stated:
 Acting in such legislative capacity, the local board is free to amend its regulations "whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader that that of an administrative board, which serves a quasi-judicial function." Id., citing Malafronte v. Planning Zoning Board, 155 Conn. 205, CT Page 8638 208 (1967).
In adopting regulations, the Commission "is by no means confined to a consideration of only such evidence as may be presented to it and it is not required to disclose at the public hearing the information upon which it will act. It is entitled to take into consideration facts which may have been learned through personal observation." DeMars v. Zoning Commission, 142 Conn. 580, 584 (1955). Likewise, "the conditions and circumstances surrounding the adoption of zoning regulations are peculiarly within the knowledge of the zoning commission." Summ v. Zoning Commission, 150 Conn. 79, 89
(1962). This record shows that the Commission did hear the testimony of many citizens at the public hearing — both pro and con. (Return Item 7, June 11, 1990). Moreover, the Commission through town staff corresponded with Department of Environmental Protection officials before holding the public hearing. (Return Item 1). While it is clear that at the public hearing no members of the Commission commented on the need for the 100/200 foot buffer area and that the Commission received no scientific evidence on either the need or the set back distances of the buffer areas, this does not, in and of itself, invalidate the provisions. A presentation by the Commission on the set back program would have been preferable but there is simply no requirement that such evidence be on the record. Each citizen had the ability to introduce whatever evidence he or she chose to rebut the need or the extent of the setback areas. The desire to regulate these areas is clear from the regulations and the Commission's discussion. (Return Item 8, June 26, 1990). See, Summ v. Zoning Commission, supra, 88. This court received evidence that other towns had adopted such set back regulations although with different distance limitations. Douglas Cooper, the supervising environmental analyst of the Department of Environmental Protection Inland Wetlands Program, testified that the subject set back program I was reasonable. Finally a review of the exhibits submitted by the plaintiffs during trial also supports the Commission's decision to the extent that the conservation buffer areas are all equal to or upgradient from the wetlands or watercourses and thus seemingly within the same watershed and hydrologically connected. (Exhibits A-F).
 B.
The United States Supreme Court has ruled, albeit in a somewhat different context, that a municipality is entitled to rely on studies, research, and even court decisions from other communities when enacting regulations on the same issue. Renton v. Playtime Theatres, Inc., 474 U.S. 41, 51 (1985). It is clear that this is not the first case in which set back regulations have been reviewed. Connecticut has an extensive body of law concerning the validity of inland wetlands and CT Page 8639 watercourse set back regulations. There is no reason to believe that the East Hartford Commissioners when drafting and the Department of Environmental Protection employees when reviewing were not familiar with our Supreme Court's discussion on set back regulations. Renton, supra, 51.[1] Plaintiffs' challenge based on insufficient scientific basis on the record must therefore be rejected. The second part of the attack must also be dismissed as our Supreme Court has clearly upheld the local inland wetlands commissions' right to promulgate set back requirements.
Twenty years ago in Aaron v. Conservation Commission,183 Conn. 532 (1981), our Supreme Court found that Redding's set back regulations (200 feet from specified rivers, 150 feet from other watercourses and 50 feet from wetlands) were authorized under the inland wetlands act. The Court noted that "an examination of the act reveals that one of its major considerations is the environmental impact of proposed activity on wetlands and watercourses, which may, in some instances, come from outside the physical boundaries of a wetland or watercourse." Id., 542. Citing Professor Tondro, the Court added "obviously, one can `cause' pollution. . .of a wetlands by actions on parcels adjacent to and perhaps even remote from designated wetlands area." Tondro, Connecticut Land Use Regulation, 1979, p. 130. Three years later, in reviewing the jurisdiction of an inland wetlands board (in a non set back case), the Court once again noted that the board may consider environmental matters which impact on inland wetlands. Connecticut Fund for the Environment, Inc. v. Stamford,192 Conn. 247, 250 (1984). Later, in Ciofoletti v. Planning Zoning Commission, 209 Conn. 544, 558, (1989), the Court approved the commission's regulating mining and excavation in areas adjacent to wetlands because of evidence that the activities would adversely impact the wetlands.
In 1990, the Supreme Court again addressed set back regulations in Lizotte v. Conservation Commission, 216 Conn. 320
(1990), in which it approved a regulation that prohibited, within minor exception, any septic system or animal shelter built within certain set back areas. In that case, the plaintiffs challenged the validity of the regulation and maintained that it worked a taking of their property. Unlike the present case, the Somers regulation contained a blanket prohibition in the set back area for certain activities. The Lizotte court held that such a total prohibition was justified as "the regulations were reasonably designed to protect the wetlands and watercourses." Id., 337.[2] The final set back case, involving perhaps the ultimate set back regulation, is found in Mario v. Fairfield, 217 Conn. 164 (1991), in which the Court approved a Fairfield regulation that required a landowner CT Page 8640 to apply to the commission for permission where the landowner sought to construct on the non wetland portion of his property. In other words, as long as a portion of the property contained wetlands, the owner would need a "certificate of wetlands conformity" before building on the non wetlands area.[3]
The Court reviewed the cases discussed herein and held that such a set back regulation, even without a specific finding of an adverse affect on the wetlands, was lawful. It then concluded that "the certification requirement imposed by the regulation is a valid administrative device reasonably designed to enable the commission to protect and preserve the wetlands located within Fairfield, in fulfillment of its duty under the IWWA." Id., 172.
It is clear then that this is not a new area of law. These are not murky waters. Yet, it is apparent that with each town adopting amendments or revisions that include set back limitations, landowners, such as those in this case, will perceive the regulations as new and perhaps threatening. Nevertheless, these new regulations can hardly be said to be unlawful. The Commission has the authority under the inland wetlands and watercourses act to promulgate the buffer zones. Aaron v. Conservation Commission, supra. The trial court here is charged with reviewing a decision made by the Commission in its legislative capacity. It is not the function of this court to retry the case. Burnham v. Planning and Zoning Commission,189 Conn. 261, 265 (1983). The question is not whether this court would have reached the same conclusion but whether the record supports the decision. Id., 265 citing Calandro v. Zoning Commission, 176 Conn. 439, 440 (1979). It cannot be said that there is no support in the record for the decision to enact these regulations.
 C.
This then leads us to the final question of whether the promulgation of these regulations and especially the set back provisions constitutes a taking of the plaintiffs' property. General Statutes 22a-43a(a) provides a method for a trial court to receive evidence on the issue of a taking. See, Cioffoletti v. Planning Zoning Commission, supra, 550-552. The determination of whether there is a taking is, of course, fact bound. Gil v. Inland Wetlands and Watercourses Agency,219 Conn. 404, 406 (1991); Pennsylvania Coal Co. v. Mahon,260 U.S. 393, 413 (1922). The plaintiffs proferred testimony through Eric Sjostrom, a real estate appraiser, that the enactment of the buffer zones reduced the value of each of the plaintiffs' properties by some certain percentage ranging from fifteen percent to ninety percent. While Mr. Sjostrom did not specifically appraise each piece, his conclusion of reduction in value was based on such factors as the cost of delay, cost CT Page 8641 of engineering and the impact on saleability. He assumed in each case that a permit could be obtained. There was, of course, no evidence that any application had been made for a use of the properties.
This court cannot find that the plaintiffs' properties have suffered a taking through the enactment of these regulations. The general proposition is that
 Short of regulation which finally restricts the use of property for any reasonable purpose, resulting in a `practical confiscation,' the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner.
Brecciaroli v. Commissioner of Environmental Protection,168 Conn. 347, 354 (1975). The evidence did not show that plaintiffs would be denied all reasonable use of their property or that the regulations would result in a practical confiscation of their land. Indeed, the evidence was clearly speculative since none of the plaintiffs has ever sought permission to do anything with their land. A property may be subject to reasonable restraints without resulting in a taking. Manor Development Corporation v. Conservation Commission, 180 Conn. 692,695 (1980). The broad brush facial challenge that the simple enactment of the regulations without any evidence that the agency will not allow any reasonable development is insufficient to prove a taking. Gil v. Inland Wetlands Watercourses Agency, 219 Conn. 404 (1991); Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 552 (1987); Manor Development Corporation v. Conservation Commission, supra, 697; Brecciaroli v. Commissioner of Environmental Protection, supra 356. The owners must show the requisite finality that no reasonable use will be allowed. Gil v. Inland Wetlands and Watercourses Agency, supra, 415; Port Clinton Associates v. Board of Selectmen, 217 Conn. 588, 600-610
(1991); Williamson Planning Commission v. Hamilton Bank,473 U.S. 172, 186 (1984). We are a long way from that point.[4]
Finally, this court is mindful that our Supreme Court's decision in Bombero v. Planning Zoning Commission, 218 Conn. 737
(1991) would suggest that perhaps the plaintiffs should have filed a declaratory judgment action rather than this appeal when making a facial challenge to the regulations. Bombero, however, did not involve a statutory right for the introduction of evidence on an appeal as set forth in General CT Page 8642 Statutes 22a-43a; Cioffoletti, supra 550.
III Conclusion
Plaintiffs have failed that the enactment of the regulations including the conservation buffer provisions was unlawful or that it constitutes a taking of their property. Accordingly, their appeal is dismissed.
BERGER, J.