[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed a decision of the defendant Board of Appeals which, following a duly noticed public hearing on June 25, 1991, denied an application for variances having reference to his undeveloped lot in the Town of Prospect. The plaintiff purchased the lot located on Morris Road, along with several CT Page 1679 others, at a tax auction sale in 1983. The purchase price of the lot in question was $2,000.
The lot which is situated in a residential zone is triangular and abuts public roads on each of its three sides. The application sought a fifteen (15') foot sideline variance on Terry Road, a fifteen (15') foot frontline variance on Morris Road, and a ten (10') foot sideline variance on Clark Hill Road.
The plaintiff alleges (Complaint as amended, para. 3) aggrievement in that the defendant's decision "detrimentally affects the value of [the] property and [the] ability to use [the] property in the manner for which it is best suited." The defendant responds that that the plaintiff bears the burden of proof as to aggrievement and that in the present instance he has failed to sustain the burden.
Our appellate courts have established a two-pronged test for determining aggrievement:
 "The fundamental test by which the status of aggrievement for purposes of qualifying to take an appeal from an administrative order or regulation is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision."
 Connecticut Business Industries Assn. v. CHHC, 214 Conn. 726, 730
(1990), quoting from Nader v. Altermatt, 166 Conn. 43, 51 (1974); Double Limited Partnership v. Glastonbury, 14 Conn. App. 77, 80 (1988).
The question of aggrievement raises an issue of fact for determination by the trier with the burden of proof resting with the plaintiff who has alleged it. Bakelaar v. West Haven,193 Conn. 59, 65 (1984). CT Page 1680
The court conducted an evidentiary hearing at which the plaintiff testified that he bought (and still owns) the lot with the hope and expectation of building a small house thereon. His testimony disclosed that he actually built a home on one of the other lots which he purchased at the same time. An appraiser familiar with property values in the area testified that the fair market value of the subject lot, if residential development were permitted, is approximately $25,000; if impermissible, such value is $10,000.
That the plaintiff is legal owner of the property arguably demonstrates that he possesses an interest in the subject matter of the decision sufficient to satisfy the first prong of the test. Bossert Corporation v. Norwalk, 157 Conn. 279, 284 (1968). The same cannot be said of the second test requirement. The record reflects that the land was never a designated lot or part of an approved map. Rec., exh. C, p. 13. Additionally, it was the plaintiff himself who in 1986 successfully petitioned to have the property assessed, and accordingly taxed, as something other than a building lot. Id., pp. 16-17.
What is even more compelling is the knowledge which the plaintiff had, or should have had, that the zoning regulations in effect at the time of acquisition prescribed a building line of at least fifty (50) feet from an abutting street. Rec., exh. E, p. 6. Clearly, the plaintiff knew, or should have known, that the regulations did not permit development of the irregularly shaped, undersized lot in the manner contemplated. The applicable circumstances or conditions which gave rise to the hardship were not of the type beyond his control and should not be considered proper grounds for a variance. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39-40 (1982).
The plaintiff's allegation of aggrievement in that the value of the property has been adversely affected by the defendant's decision is unsupported by the evidence. Accepting his appraiser's testimony, quite the opposite would seem to be true. Likewise, the record (exh. C, pp. 14-15, 17-19) is replete with testimony from which the Board could conclude that the island-like parcel was, contrary to the plaintiff's assertion, unsuited for development in the manner proposed. In short, the plaintiff has failed to sustain his burden of proving the truth of his allegations. Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483,495 (1978).
Pleading and proof of aggrievement are prerequisites to the court's subject matter jurisdiction. In the absence of such pleading and proof the court must dismiss the appeal. Olsen v. Inland Wetlands Commission, 6 Conn. App. 715, 719 (1986). CT Page 1681
Accordingly, the appeal is dismissed.
GAFFNEY, J.