[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from a February 29, 1996 decision of the Appellee, the State of Connecticut Psychiatric Security Review Board (hereinafter "PSRB"). The PSRB is established pursuant to C.G.S. § 17a-581, and constitutes an autonomous body within the Department of Mental Health. The PSRB responsibilities include the supervision and review of the confinement of persons charged with an offense who are found not guilty by reason of mental disease or defect, or an acquittee under C.G.S. §17a-580(1).
The Appellant (hereinafter "Webber") was found not guilty by reason of mental disease or defect as to two counts of First Degree Sexual Assault. As an acquittee pursuant to § 53a-13
Webber was on August 29, 1984 committed to the custody of the commissioner of mental health for a period not to exceed forty years.
The PSRB is required to monitor the mental condition of acquittees and is empowered to grant temporary leaves and conditional releases to such acquittees, § 17a-581 et seq.
The PSRB is an administrative agency of the State of Connecticut pursuant to the Connecticut Uniform Administrative Procedures Act C.G.S. § 4-166(1).
A final decision of the PSRB is subject to appeal to the CT Page 8116 Superior Court under C.G.S. § 17a-597 and C.G.S. § 4-183. Webber brings this action under both statutes.
Webber was confined to Whiting Forensic Institute from 1984 to 1989. In 1989 Webber was transferred to the Connecticut Valley Hospital (hereinafter CVH) (R. p. 87).
The PSRB pursuant to § 17a-587 must authorize temporary leaves of a confined acquittee. The CVH filed a temporary leave application for the Appellant on February 28, 1995 (R. pp. 4-6). The PSRB on April 10, 1995 approved a temporary leave (not to exceed three hours a leave twice a week) for the Appellant (R. p. 1-3).
A subsequent temporary leave application for the Appellant was filed by CVH with the PSRB on August 31, 1995. (R. pp. 14-16). The PSRB granted this application by its decision dated February 29, 1996 (R. pp. 10-13). This appeal arises from that decision.
The gravamen of the claim is the Appellant's contention that though the temporary leave request was granted, he is prejudiced by the PSRB decision's expression of its future intent; relating to his plan of transmission into the community.
An ongoing issue between Appellant, CVH and the PSRB is whether the Appellant requires or would benefit from sexual offender treatment. Appellant is of the opinion that he does not require and would not benefit from such treatment. Appellant's position is generally supported by the expert opinions of Drs. Selig and Zeman (Supplemental Record report of Dr. Selig dated July 19, 1993) (R. pp. 28-29, 68). CVH has held different views at different times on the issues of sexual offender and sexual offender treatment for Appellant.
The Appellant refused to be evaluated for sexual offender treatment prior to the February 29, 1996 expansion of his leave. The CVH felt that for the purposes of and consistent with the conditions of the proposed leave, the evaluation was not at this time necessary. Dr. Amble of the CVH; however, felt that further transitioning would require an evaluation (R. pp. 29-30).
Appellant seeks by means of this appeal to resolve the issue of whether in the future he may be required to submit to a sexual offender evaluation, and thus also resolve any requirement for CT Page 8117 sexual offender treatment.
The focus of the appeal is the portion of the February 29, 1996 PSRB decision which states:
 The Board will require in the future, an evaluation with recommendations by a person expert in providing services and treatment to sex offenders prior to the Board's consideration of any expansion of Mr. Webber's access into the community.
The expression of present impression of future intent was made even though the sexual offender evaluation was not before the PSRB at the February 23, 1996 hearing on the CVH application for expansion of Appellant's leave.
 Chairman Berger: So the Board is really not dealing with the issue of the evaluation at this point in considering whether or not to grant this temporary leave?
 Dr. amble (of CVH): "The team has not at this time requested me to ask the Board for an order for that evaluation, yes.
(R. p. 30.)
It is black letter law in this state that the right to appeal an administrative action is created only by statute and an appellant must exercise that right in accordance with the statute in order for the court to have jurisdiction. Marshall v. InlandWetlands Commission, 221 Conn. 46, 50 (1992); New EnglandRehabilitation Hospital of Hartford, Inc. v. CHRC, 226 Conn. 105,120 (1993). In this case Webber appealed pursuant to C.G.S.17a-597 and 4-183. Section 17a-597 indicated that orders of the PSRB may be appealed to the Superior Court pursuant to section4-183. Section 4-183 provides in pertinent part. "A person who has exhausted all administrative remedies within an agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section."
In order to have standing to bring an administrative appeal, a person must be aggrieved. Connecticut Business Industry Attn.,Inc. v. Commission on Hospitals Health Care, 214 Conn. 726, 729
CT Page 8118 (1990); Zoning Board of Appeals v. FOIC, 198 Conn. 498, 501
(1986). Aggrievement is a question of fact for the trial court and the Appellant has the burden of proving the fact. Olsen v.Inland Wetlands Commission, 6 Conn. App. 715, 718 (1986). NewEngland Rehabilitation, supra at 226 Conn. 120. Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. Park City Hospital v. CHHC,210 Conn. 697, 702 (1989). In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction. CBIA, supra at 214 Conn. 729-730, Local 1303and Local 1378 v. FOIC, 191 Conn. 173, 177 (1983); New EnglandRehabilitation, supra at 226 Conn. 121.
The test of aggrievement is a two part inquiry:
 [F]irst, the party claiming, aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision. . . .
Cannavo Construction Enterprises, Inc. v. Burns, 194 Conn. 43, 47
(1984); State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295, 299-300 (1987); Bakelaar v. West Haven, 193 Conn. 59,65 (1984).
The PSRB argues that Webber failed to allege and prove any legally protected interest in the subject matter of the decision approving his leave application and notifying him of his need for a future sexual offender evaluation.
Webber's claim is that he was entitled to a hearing on the need for a sexual offender evaluation and an opportunity to show that such an evaluation would be injurious, before the PSRB can give him notice of its future plans.
The rights of the Appellant are circumscribed by his status as an acquittee committed to the custody of the commissioner of mental health. The PSRB pursuant to C.G.S. § 17a-584 must in CT Page 8119 considering discharge, conditional release or confinement of an acquittee, must consider "that its primary concern is the protection of society. . . ." C.G.S. § 17a-596 specifically addresses psychiatric and/or psychological evaluations of acquittees.
 Sec. 17a-596. (Formerly Sec. 17-257q). Board hearing procedures. (a) Prior to any hearing by the board concerning discharge, conditional release or confinement of the acquittee, the board, acquittee and state's attorney may each choose a psychiatrist or psychologist to examine the acquittee. The results of the examination shall be in writing and filed with the board, and shall include, but need not be limited to, an opinion as to whether the acquittee is mentally ill or mentally retarded to the extent that his release would constitute a danger to himself or others whether the acquittee could be adequately controlled with treatment as a condition of release. To facilitate examination of the acquittee, the board may order him placed in the temporary custody of any hospital for mental illness or other suitable facility or placed with the commissioner of mental retardation.
The PSRB is thus, clearly entitled prior to any future hearing to appoint an expert to examine Webber. The results of such examination shall be in writing and include "whether the acquittee could be adequately controlled with treatment as a condition of release. . . ." The examination would appropriately evaluate what type of treatment Webber requires. In view of the history of two counts of sexual assault the issue of sexual offender treatment would seem a logical subject of consideration.
Our Supreme Court in Payne v. Fairfield Hills Hospital,215 Conn. 675, 686-687 (1990) addressed the issue of the authority of the state's attorney under § 17a-596 to compel an acquittee to undergo an independent psychiatric evaluation, in the absence of an acquittee's seeking a change in status. The court recognized that § 17a-596 authorize the PSRB to compel an independent psychiatric examination. "The Plaintiff maintains that neither the PSRB nor the state's attorney has the statutory authority to compel the plaintiff to undergo an independent CT Page 8120 psychiatric examination unless the plaintiff requests a change in his status. We disagree."
In this case the acquittee brings this appeal in anticipation of seeking a change of status, in the form of expanded temporary leave or conditional release. Surely, there is no right to resist examination under such a scenario.
Appellant is primarily resisting sexual offender treatment and cites Dr. Selig's report that it is not only unnecessary but contraindicated[1] (Supplemental Record). that issue was not before the PSRB. It is impossible for this court to decide that issue which was not addressed in the record. Prior to any requirement that Webber's leave or conditional release be subject to a sexual offender treatment requirement, a hearing would be held before the PSRB. Appellant is seeking to preclude the orderly process by preempting the PSRB from examining him to determine if after the independent evaluation the PSRB feels sexual offender treatment is required.
The court cannot predict that in the future the CVH or PSRB will believe that a sexual offender evaluation is necessary. There is no basis for any prediction as the outcome of such an evaluation, or as to the results of a temporary leave or conditional release hearing at some future date.
The Appellant lacks aggrievement. Thus, the court lacks subject matter jurisdiction. The appeal is ordered dismissed.
Robert F. McWeeny, J.