[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 28, 1993, the Tashua Knolls Golf Course Expansion Committee of the Town of Trumbull (hereinafter the "applicant") filed an application with the Inland Wetlands and Watercourses Commission of the Town of Trumbull (hereinafter the "Commission") for a permit to build two Little League baseball fields, a skating pond, a parking lot, a concession stand, bathrooms and associated improvements in Great Oak Park, an undeveloped 60 acre town park. This project would built on 6 acres within .6 acres, more or less, are wetlands. This purposed plan would require evacuating and/or filling this wetland.
This application was received by the Commission on February 1, 1994. A public hearing was held on March 1, 1994, and reconvened on March 8. On March 5, 1994, the Commission made a field inspection of the site. Immediately following the March 8 hearing, the Commission voted to approve the project, subject to implementation of a maintenance schedule. In their decision, the Commission made no written finding of facts nor gave any reasons for approving this application. On March 11, 1994, the decision was published in a legal notice in the Connecticut Post, and shortly thereafter, the plaintiffs (hereinafter the "appellants") appealed the decision to this court pursuant to Connecticut General Statutes §§ 22a-43. The record of these proceedings were returned to court on December 8, 1994. CT Page 12785
The appellants members of the Great Oak Park Civic Association. Five of them own property that abuts this 60 acre park. Others are owners of property downstream of the area in question. All claim they were aggrieved by this approval. Connecticut General Statutes §22a-43 requires even abutting property owners to prove they were aggrieved. Olsen v. Inland Wetlands Commission,6 Conn. App. 715 (1986).
This court heard testimony from two of the abutting appellants and from one downstream property owner and finds they had a specific, personal and legal interest in this decision, as distinguished from a general interest, and are aggrieved property owners. Although their fears and concerns as to the impact of this project were not shared by the Commission, the court finds their concerns were not speculative and unfounded. They have proved they were aggrieved and do have standing to bring this appeal.
The appellants' primary argument is that the Commission's decision should be reversed because it neither found nor considered feasible or prudent alternatives to the approved plan as required by Connecticut General Statutes §§ 22a-41, and they gave no written reason for their decision.
Under the case of Gagnon v. Inland Wetlands Watercourses,213 Conn. 604 (1990), the court has the duty to search the record to determine whether the commission did consider feasible and prudent alternatives. In Parks v. Planning Zoning Commission, 178 Conn. 657, 662-63 (1979), the Supreme Court stated that "[i]f any reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the Commission must be upheld."
The court has reviewed the record and finds substantial evidence that alternative plans and suggestions were presented to the commission at both public hearings. The Commission had evidence in the record that the project as planned would have the least impact on the wetlands. The Commission hired the engineering firm of Spath-Bjorklund Associates, Inc. to review and advise them on this project. Their expert engineer, Mr. David Bjorklund, testified at both hearings that they had considered all the six criteria under Connecticut General Statutes §§ CT Page 1278622a-41, and the similar criteria in their own regulations. It was his opinion that the revised plan had the least impact on the wetlands and complied with all these criteria.
In addition to the engineer's report, a site study was prepared by Cathy Ann Plummer, a licensed landscape architect, in which she recommends approval of the project. The site plan reduced the parking lot and excavated a skating pond to contain the runoff water. Her site plan is designed for the general public to enjoy these improvements to Oak Park, and are not only for those playing Little League baseball.
Mr. Brian Smith, the assistant town engineer, testified in support of the revised site plan. Ms. Plummer, according to her testimony, believed there would be no negative impact on the wetlands from the baseball fields or the other improvements.
The plans, as revised, eliminates the restroom facilities in a proposed two story building until public sewers are available. Any increased water runoff would be collected in a detention basin that would be built. In addition, the wetland area being disturbed will be reduced to about .10 of an acre, and the impact on the wetlands would be insignificant.
From the record, the court finds the Commission considered both on site and off site alternatives to this revised plan. Both Paul Bjorklund, the engineering expert, and Cathy Ann Plummer, the licensed landscape architect, gave reasons for recommending approval of this project and believe it would have minimal detriment to the wetland within the park and on the downstream property owners.
At both public hearings, there were speakers in favor of this project, including the Chairman of the Parks Commission and the Chairman of the Building Committee.
The Commission also received documents into the record, which it also considered:
1. Exhibit 7c-15: a letter from the Police Commission which considered public safety issues and recommended approval of this plan.
2. Exhibit, No. 1(b): the engineering report prepared by Spath-Bjorklund Associates. CT Page 12787
3. Exhibit 7c-20: written response and offers of alternatives by Spath-Bjorklund Associates, Inc.
4. Exhibit 7c-21: approval of the Zoning Board of Appeals.
5. Exhibit 4c-b: site selection worksheets, including alternative plans.
In addition, a letter approving the installation and maintenance of a flood control berm as part of this project was received into evidence.
The Commission also heard arguments from speakers opposed to this project.
The Commission accepted a petition signed by numerous members of the Canoe Brook Lake Association opposing this project claiming the increased ground water runoff would cause flooding to downstream properties and pollute the streams and the wetlands in the park as well as downstream.
The law gives a local commission great latitude in interpreting its regulations and in evaluating the testimony at public hearing. In Samperi v. Inland WetlandsAgency, 226 Conn. 579 (1993), the plaintiff in that case appealed from a decision of the inland wetlands agency granting an application permitting the defendant to conduct certain regulated activities within a designated wetlands area. The Supreme Court found that the trial court had properly searched the record to determine that there was substantial evidence that the agency's decision complied with the statutory requirement that a local inland wetlands agency shall not issue a permit after a public hearing unless it finds that a "a feasible and prudent alternative does not exist." Connecticut General Statutes §§ 22a-41. Further, the court found that this statute does not require that an inland wetlands agency make explicit findings ruling out each and every possible alternative to an activity for which a permit is sought. Finally, the court found that the agency's decision approving the permit, which it reached after hearing from many witnesses, exchanging questions and opinions, constituted an implicit finding that there were no other feasible and prudent alternatives to their approval of that project. CT Page 12788
This court has reviewed the two transcripts of the public hearings, the exhibits introduced to support the Commission's decision and testimony from those in favor and in opposition to this project. From the report of the Commission's expert engineer, Spath-Bjorklund Associates, Inc., and the testimony of Paul Bjorklund, who represented this firm, the court finds other feasible and prudent alternatives were addressed from which the Commission could render its decision approving this project. The evidence considered by the Commission was clear and substantial.
In Samperi, supra, at pages 588 and 589, the Supreme Court Stated that:
 In adhering to this "substantial evidence" standard for an inland wetlands agency appeal, we have held that it is improper for the reviewing court to reverse an agency decision simply because an agency failed to state its reason for its decision on the record. The reviewing court instead "must search the record of the hearings before that commission to determine if there is an adequate basis for its decision." Gagnon v. Inland Wetlands Watercourses Commission, supra, 611. In reaching this conclusion, we analogized cases and statutory language governing planning and zoning agencies to those governing inland wetland agencies and found the two statutory schemes to be either identical or extremely similar. Id., 606-609, 611. We also determined that public policy reasons make it practical and fair" to have a trial court on appeal search the record of a "local land use body . . . composed of laymen whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate." Id.,
The court finds that the Commission considered all factors which it must and made a decision based upon the substantial evidence presented, its knowledge of the park, the expertise of its advisors and its own evaluation of the witnesses. The Commission also heard from a number of citizens, both pro and con, speaking with regard to the application. After it considered all of the matters before it, evaluated all the presentations, determined which witnesses gave the more credible testimony, the Commission approved the project which would allow the disturbance of a small portion of an extensive wetland area.
The appellants have failed to sustain their burden of proof CT Page 12789 that the Commission's decision was illegal or arbitrary and in abuse of its discretion. Therefore, this appeal is dismissed.
Petroni, J.