ROBERT MUNHALL, JR., ET AL. *v.* INLAND WETLANDS COMMISSION OF THE TOWN OF LEBANON ET AL.
(14277)

ROBERT MUNHALL, JR., ET AL. *v.* INLAND WETLANDS COMMISSION OF THE TOWN OF LEBANON
(14279)

SHEA, CALLAHAN, COVELLO, BORDEN and BERDON, Js.

---

[5] See footnote 1, supra.

Argued October 3, 1991—decision released January 28, 1992

*George C. Hastings* and *Brian R. Smith,* with whom was *Jill K. Schultz,* for the appellants (plaintiffs in both cases).

*Michael A. Zizka,* for the appellees (defendant Kelley Property Development, Inc., in Docket No. 14277, and intervening defendants in Docket No. 14279).

*Juri E. Taalman,* for the appellees (named defendant in each case).

COVELLO, J. These appeals raise two principal issues: (1) whether the individual members of an administrative agency can be aggrieved so as to entitle them to pursue a statutory appeal from an agency decision in which they cast dissenting votes; and (2) whether the individual members of an administrative agency have standing to pursue a declaratory judgment action against the agency with respect to an agency decision in which they cast dissenting votes. We conclude that such individual members are neither aggrieved so as to entitle them to appeal from an agency action nor do they have standing to sue the agency in circumstances where the gravamen of their complaint is dissatisfaction with the majority's action. Accordingly, we affirm the judgments of the trial court that so held.

The procedural facts are not in dispute. The plaintiffs, Robert Munhall, Jr., Richard Schleicher and Russell T. Smith, are all members of the Lebanon inland wetlands commission. On July 2, 1990, the commission took up the application of Kelley Property Development, Inc., for the extension of a previously granted wetland permit. The commission voted three to two to deny the application for an extension. The plaintiffs constituted the three member majority that voted to deny the extension.

On August 6, 1990, after the Lebanon town attorney had rendered an opinion that the reasons given for the July 2 decision were invalid, the commission again considered Kelley's application for an extension as a

"new" application. On this occasion, the commission voted four to three to grant the application for extension of the wetland permit. The plaintiffs constituted the three member minority that voted to deny the extension. On August 31, 1990, the plaintiffs filed an administrative appeal in the Superior Court,[1] contesting the commission's August 6 action, and alleging, as the reasons for their appeal, a host of procedural irregularities in connection with the commission's August 6 vote.[2]

On September 17, 1990, the commission voted four to three to rescind its earlier action of July 2, 1990, in connection with the wetland permit. Again, the plaintiffs constituted the three member minority that voted not to rescind. On September 18, 1990, the plaintiffs began a declaratory judgment action against the commission and Kelley Property Development, Inc., alleging further procedural irregularities,[3] and seeking a

[1] General Statutes § 22a-43 provides: "(a) . . . [A]ny person aggrieved by any . . . decision or action made . . . by the . . . municipality . . . may appeal to the superior court . . . in the judicial district where the land affected is located . . . ."

Section 22a-43 was amended by Public Acts 1991, No. 91-136. That amendment does not affect the appeal here.

[2] The plaintiffs claimed that the original application for an extension was untimely and, therefore, in violation of the Lebanon inland wetlands regulations.

The plaintiffs further alleged that, over their objection, debate on the question of whether to grant an extension was terminated, i.e., the question was called, by a four to three vote with one abstention. The plaintiffs claimed that, according to Robert's Rules of Order, a two-thirds vote of the commission was required to call the question.

The plaintiffs further alleged that the commission could not act upon any "new" application for extension or renewal because there was an outstanding decision of the commission denying such extension.

[3] In addition to the claims raised in their administrative appeal, the plaintiffs further claimed that: (1) according to Robert's Rules of Order, the motion to reconsider the July 2 action was out of order since such a motion could be made only by a member of the majority voting on this issue at the July 2 meeting; (2) relevant environmental reports were not considered and neither Kelley Property Development, Inc., nor anyone else had appealed the com-

determination that the commission's action of July 2, 1990, was "valid and effective" and that the commission's later actions were "null and void."

On January 31, 1991, the trial court, *Axelrod, J.,* concluded that the plaintiffs were not aggrieved persons within the meaning of General Statutes § 22a-43[4] and, therefore, granted the commission's motion to dismiss the administrative appeal. On February 1, 1991, the trial court concluded that the plaintiffs lacked standing to pursue the declaratory judgment action and, therefore, granted the defendants' motion to dismiss the declaratory judgment action. The plaintiffs appealed both judgments to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

I

It is fundamental that appellate jurisdiction in administrative appeals is created only by statute and can be acquired and exercised only in the manner prescribed by statute. *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988). Pleading and proof that the plaintiffs are aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal. *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). "The claims of aggrievement by these plaintiffs presented an issue of fact for the determination of the trial court. *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308 [1965]. The burden of proving that they were aggrieved was on these plaintiffs. *London* v. *Planning & Zoning Commission,* 149 Conn. 282, 284, 179 A.2d 614 [1962]." *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 700, 345 A.2d 563 (1974).

mission's decision of July 2, 1990, denying the application for an extension of the permit; and (3) the commission lacked the authority to rescind an action it had taken after adjournment of the meeting at which the action was taken.

[4] See footnote 1, supra.

"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, 'the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' *Nader* v. *Altermatt,* 166 Conn. 43, 51, 347 A.2d 89 [1974]." *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 493, 400 A.2d 726 (1978).

The plaintiffs claim that as individual commission members they have a specific, personal and legal interest in seeing that the properly enacted decision of July 2, 1990, is upheld and that the improperly enacted decision of August 6, 1990, is reversed. The plaintiffs argue that since that interest has been specially and injuriously affected by the commission's subsequent rulings, they are aggrieved and thus entitled to pursue their administrative appeal. We disagree.

In *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 145 A.2d 832 (1958), a zoning board of appeals granted the applicant's request for a variance. The zoning *commission,* a different administrative body within the same town, and one of its individual members appealed to the Court of Common Pleas. We concluded that there was no authority "for a zoning commission to take an appeal where a ruling or order of its own is not in issue." Id., 659. With respect to the individual zoning commission member, we concluded that "[t]he [commission member] . . . whose interest is merely that of a resident and taxpayer of the town concerned with the strict enforcement of the zoning regulations for the general welfare of the community, is not entitled to maintain an appeal as an aggrieved person . . . ." Id., 662.

We have never concluded that individual commission members are aggrieved for the purpose of appealing the decisions of the very agency upon which they sit. Inherent in such a state of the law is the notion that the legislative function of any agency, by its very nature, involves the interaction of competing ideas that eventually resolve themselves in a decision that may not satisfy all of the agency's members. This is the essence of the legislative process, a process that should not be compromised by ready access to a supplemental forum for those dissenting members who are disappointed in the outcome.

The plaintiffs are unable to cite any authority in support of their claim of aggrievement and our research indicates that none exists. On the contrary, there are holdings to the effect that members of an agency who are in the minority with respect to an agency decision are *not* aggrieved for the purposes of pursuing an appeal of that decision in court.

In *Cohen* v. *Board of Selectmen,* 376 A.2d 853 (Me. 1977), a majority of the selectmen of the town of Kennebunk granted the plaintiff's application for a license to build a wharf in the tidewaters within the limits of the town. Two selectmen, who voted against the plaintiff's application, appealed to the Superior Court. The trial court dismissed the appeal. While the trial court's ruling was reversed on other grounds, the Maine Supreme Judicial Court determined that the dissenting members of the board of selectmen could not "be considered . . . aggrieved" and that the trial court "was correct in dismissing the appeal as to them." Id., 856.

In *McTaggart* v. *Public Service Commission,* 168 Mont. 155, 541 P.2d 778 (1975), a dissenting member of the public service commission filed an action in court to vacate a rate order adopted by a majority of the commission. The Montana Supreme Court determined that the dissenting member had no standing to pursue such

an action concluding that "[c]haos would result if any dissenting member of a state board or agency had standing to appeal from any board or agency decision." Id., 158.

In *Ohio ex rel. Basista* v. *Melcher,* 118 Ohio App. 37, 188 N.E.2d 293 (1963), a dissenting member of the board of zoning appeals appealed to the city council the majority's decision to issue a building permit. The city council vacated the decision. The applicant appealed to court alleging, inter alia, that the dissenting member was not an aggrieved person within the meaning of the board's regulations. While deciding unfavorably to the applicant on other grounds, the Ohio Court of Appeals determined: "The right of a member of a board exercising quasi-judicial powers to appeal the decision of the board rendered in the exercise of such power . . . is nonexistent. If a member of the board attempts to exercise the right of appeal as an interested party or as a person aggrieved, then he should not be a trier of the facts in a case in which he is interested." Id., 47.

The plaintiffs here are claiming an interest in the strict enforcement of the Lebanon inland wetlands and watercourses regulations as the basis for their aggrievement. We conclude that neither their interest as dissenting commission members nor their general interest as residents and taxpayers rises to the level of the personal interest required in order to fall within the meaning of a "person aggrieved."

## II

In their separate declaratory judgment action,[5] the same plaintiffs sought a judgment declaring that "the

[5] Practice Book §§ 389 and 390 provide:

"Sec. 389. SCOPE

"The court will, in cases not herein excepted, render declaratory judgments as to the existence or nonexistence (a) of any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend,

valid and effective action of the Commission with respect to the . . . [defendant] Kelly Property Development, [Inc.'s application] for renewal" was the commission's action of July 2, 1990, denying the application and declaring "to be null and void the purported action of the Lebanon Inland Wetlands Commission of August 6, 1990 . . . and September 17, 1990." The defendants moved to dismiss the action arguing, inter alia, that the court was without subject matter jurisdiction because the plaintiffs lacked standing to pursue a declaratory judgment action under these circumstances. The trial court agreed and granted the motion to dismiss.

"The court will not render a declaratory judgment upon the complaint of a person 'unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or . . . unless there is an actual bona fide and substantial question or issues in dispute or substantial uncertainty of legal relations which requires settlement between the parties.' Practice Book § [390]." *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208 (1955).

The question of standing is essentially one of aggrievement. *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). "The concept of standing

whether such right, power, privilege or immunity now exists or will arise in the future.

"Sec. 390. —CONDITIONS

"The court will not render declaratory judgments upon the complaint of any person:

"(a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or

"(b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or

"(c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or

"(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." See also General Statutes § 52-29.

as presented here by the question of aggrievement is a practical and functional one designed to assure that only those with a genuine and legitimate interest can [pursue] an [action in court]." *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 484, 338 A.2d 497 (1973).

"Standing is the legal right to set the judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Unisys Corporation* v. *Department of Labor,* 220 Conn. 689, 693, 600 A.2d 1019 (1991).

The controversy here is between the minority and majority members of the commission. As such it falls "within the political aspects of government [rather] than the judicial. The [commission] is seeking no relief. No contract or property rights of . . . the [commission] . . . and no contract, property or personal rights of any of [the commission] members as such will be affected by the decision; no justiciable right is involved." *Board of Education* v. *Board of Finance,* 127 Conn. 345, 348, 16 A.2d 601 (1940).

"The plaintiffs have no standing to obtain the relief sought, since they have no interests adverse to those of the defendant[s]. *McGee* v. *Dunnigan,* 138 Conn. 263, 266, 83 A.2d 491 [1951]; Borchard, Declaratory Judgments (2d Ed.) pp. 50, 76. Their status is that of residents and taxpayers of the [town of Lebanon]. There is nothing in the [allegations of the complaint] even to suggest how they will be affected, legally or equitably . . . if [the permit is allowed to stand.]" *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208 (1955). The plaintiffs' quarrel here is not with the defendant commission but rather with their fellow commission members.

The plaintiffs argue, however, that as members of the commission, they are entrusted with the duty of protecting the wetlands and watercourses within the town of Lebanon and are charged with the duty of enforcing the Connecticut statutes and Lebanon municipal regulations as they concern the town's wetlands and watercourses. They claim, therefore, to have suffered a direct injury if they are forced to let stand the extension of a permit that they believe to be invalid.

In *Rommel* v. *Walsh,* 127 Conn. 16, 15 A.2d 6 (1940), we considered the question of who was to represent the public's interest in appeals from administrative agency action in the context of zoning matters. We stated: "[U]nder most, if not all, of our municipal charters, the function of protecting and advancing the public interest in establishing and maintaining a proper and adequate zoning system is entrusted to certain boards, which, in that respect, exercise a large discretion. While these boards ordinarily have no corporate existence as such but are merely agencies of the municipality, and while they have no direct interest in the litigation, it would be a logical conclusion *that because of the function they perform* . . . [the board] *should represent the public interests entrusted to them in appeals taken from their decisions."* (Emphasis added.) *Rommel* v. *Walsh,* supra, 21–22. Further, in *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 658, 145 A.2d 832 (1958), we observed: "[T]here is a public interest involved in many appeals which should be represented before the court. In most such situations, the board or officer having the responsibility of making the decision is entrusted with the duty of protecting that public interest. Maltbie, Conn. App. Proc., p. 311."

General Statutes § 22a-44 provides: "If the inland wetlands agency or its duly authorized agent finds that any person is conducting or maintaining any activity,

facility or condition which is in violation of sections 22a-36 to 22a-45, inclusive, or of the regulations of the inland wetlands agency, *the agency or its duly authorized agent* may issue a written order by certified mail, to such person conducting such activity or maintaining such facility or condition to cease immediately such activity or to correct such facility or condition." (Emphasis added.)

The Lebanon inland wetlands regulations similarly provide in § 1.4: "The Lebanon Inland Wetlands Commission (regulating agency) shall enforce all provisions of the Inland Wetlands and Watercourse[s] Act . . . ." Section 12.3 states: "If the Agency or its duly authorized agent finds that any person is conducting or maintaining any activity, facility or condition which is in violation of the Act or these regulations, the Agency or its duly authorized agent may . . . [i]ssue a written order . . . [s]uspend or revoke a permit . . . [or] . . . [i]ssue a notice of violation . . . ." There is nothing in either the wetlands and watercourses statutes nor the Lebanon inland wetlands commission regulations that designates the individual members as agents or enforcement authorities of the commission or authorizes individual commission members to pursue an action in court on behalf of the public interest. We conclude that it is the commission itself and not its individual members that represents the public interest in such instances.

The judgment is affirmed.

In this opinion SHEA, CALLAHAN and BORDEN, Js., concurred.

BERDON, J., concurring. I concur in the result based solely on the manner by which the issues were framed and argued in this case.