[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7509
On November 25, 1992, the plaintiff, Town of Stonington Water Pollution Control Authority (WPCA), filed this appeal pursuant to General Statutes § 22a-437 from the decision of the defendant, Timothy R.E. Keeney, Commissioner of the Department of Environmental Protection (DEP). The following facts are alleged in the plaintiff's amended appeal filed February 28, 1994. The plaintiff applied for a renewal of a permit to discharge treated sewage from its waste water treatment plant into the Pawcatuck River. The Commissioner held a public hearing on June 11, 1991, where several local citizens objected to the permit on the ground that the waste water treatment plant was a source of odors. After the public hearing closed on December 9, 1991, one or more of the citizens filed a petition for intervention under § 22a-19 (the Walsh petition) asserting that the odors from the plant constituted unreasonable pollution under the Connecticut Environmental Protection Act, § 22a-14 et seq. (CEPA) On March 18, 1992, the Walsh petition was granted by the hearing officer, and thereafter, the hearing officer considered the allegations contained in the petition.
In his proposed final decision dated March 25, 1992, the hearing officer found that the evidence in the record did not support the conclusion that the odors constituted unreasonable pollution. The hearing officer further found that no reasonable or prudent alternative existed to the plaintiff's waste water treatment plant. The hearing officer did not reopen the hearing or provide the plaintiff with an opportunity to present evidence regarding the CEPA issues. On April 9, 1992, the plaintiff requested oral argument on the proposed final decision and at oral argument requested that the hearing be reopened to allow the plaintiff to submit evidence regarding the Walsh petition. The Commission denied the request on September 9, 1992, and on the same day issued his final decision on the plaintiff's application.
In his final decision, the Commission overruled the hearing officer's finding that the odors did not constitute CT Page 7510 unreasonable pollution under CEPA, and found that the citizen testimony at the public hearing supported a finding of unreasonable pollution. The Commission issued a permit containing a condition that addressed the odor findings. He later agreed to substitute an administrative consent order for that condition. The administrative order required the plaintiff to perform certain investigatory studies, purchase and install equipment and machinery to address the odors, and to regularly monitor odors, which the plaintiff continues to do in accordance with the order. There is currently pending in Superior Court an injunction action by the citizens against the plaintiff under § 22a-16 alleging that the waste water treatment plant is a source of unreasonable pollution under CEPA.
On January 21, 1993, the Commissioner filed a motion to dismiss the plaintiff's appeal, accompanied by a memorandum of law, on the ground that the court lacks subject matter jurisdiction in that there is no actual controversy for which judicial relief can be granted. On May 4, 1994, the plaintiff filed a memorandum in opposition to the Commissioner's motion. On September 21, 1993, the Commissioner filed a "Second Motion to Dismiss" the plaintiff's appeal, accompanied by a memorandum of law, on the ground that the court lacks subject matter jurisdiction in that the plaintiff is not aggrieved. On February 28, 1994, the plaintiff filed a memorandum of law in opposition to the Commissioner's second motion to dismiss. Apparently, neither of these motions to dismiss were argued or acted upon by the court.
On February 28, 1994, the plaintiff filed an amended appeal. On March 23, 1994, the Commissioner filed a motion to dismiss the plaintiff's amended appeal on the ground that the court lacks subject matter jurisdiction in that there is no actual controversy for which judicial relief can be granted and because the plaintiff is not aggrieved. The Commissioner filed a memorandum of law in support of his motion. In this memorandum, in addition to further argument on the issue of aggrievement, the Commissioner incorporates his arguments from his memoranda in support of his first two motions to dismiss in support of this motion to dismiss. On April 14, 1994, the plaintiff filed a memorandum in opposition to the Commissioner's third motion. Both parties have also filed supplemental memoranda. CT Page 7511
DISCUSSION
A motion to dismiss is the proper vehicle for challenging the court's subject matter jurisdiction. Practice Book § 143. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 542, 590 A.2d 914 (1991). If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins, 191 Conn. 222,227, 464 A.2d 45 (1983). The complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc.v. State, 190 Conn. 212, 217, 459 A.2d 1031 (1983).
"It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." New EnglandRehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105,120, 627 A.2d 1257 (1993), citing Munhall v. InlandWetlands Commission, 221 Conn. 46, 50, 602 A.2d 566 (1992). General Statutes § 4-183(a) provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." (Emphasis added.) Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's jurisdiction over the subject matter of an administrative appeal. New England Rehabilitation Hospital of Hartford, Inc.v. CHHC, supra. It is the function of the trial court to determine whether the plaintiff's allegations, if proven, would constitute aggrievement as a matter of law, and, second, if as a matter of law, they would constitute aggrievement, then whether the plaintiff proved the truth of the allegations.Kelly v. FOIC, 221 Conn. 300, 309, 603 A.2d 1131 (1992); seeNader v. Altermatt, 166 Conn. 43, 54-55, 347 A.2d 89 (1974). "In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction." NewEngland Rehabilitation Hospital of Hartford, Inc. v. CHHC, supra, 121.
The determination of whether a party is aggrieved
"encompasses a well-settled twofold CT Page 7512 determination: first, `the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision.'"
(Citations omitted; internal quotation marks omitted.) LightRigging Co. v. Department of Public Utility Control, 219 Conn. 168,173, 592 A.2d 386 (1991), quoting State Medical Society v.Board of Medical Examiners in Podiatry, 203 Conn. 295, 299-300,524 A.2d 636 (1987). Aggrievement is established if there is a possibility, as distinguished from a certainty, that a legally protected interest has been adversely affected. Light RiggingCo. v. Department of Public Utility Control, supra.
In its amended complaint, the plaintiff alleges that "[t]he WPCA has a specific, personal and legal interest in the subject matter of the decision that is not general or common to all members of the community as a whole. This specific, personal and legal interest has been specially and injuriously affected [by] the decision." (Amended Appeal, para. 17). The plaintiff further alleges that "[t]he Town has exhausted all administrative remedies and is aggrieved by the Commissioner's final decision." (Amended Appeal, para. 19). In its prayer for relief, the plaintiff requests the court to, inter alia, "[r]eview the Commissioner's final decision and render judgment modifying the Commissioner's decision by reversing the finding of unreasonable pollution or, in the alternative, reverse the Commissioner's decision and remand this matter to the Commissioner for further proceedings in light of the Court's decision." (Amended Appeal, p. 7, Prayer for Relief.)
The Commissioner claims that there is no actual controversy before the court because there is no further relief that the court could grant in this appeal, in that the Commissioner approved the issuance of the plaintiff's permit application to discharge treated sewage effluent into the Pawcatuck River. The Commissioner claims that whether he erred CT Page 7513 in finding unreasonable pollution is an academic question, because he approved the issuance of the requested permit.
The Commissioner concedes that the plaintiff has a specific personal and legal interest in the subject matter of this appeal. However, the Commissioner claims that the plaintiff cannot meet the second prong of the two-part test for aggrievement, that the plaintiff's interest has been specially and injuriously affected by the decision, because the Commissioner granted the plaintiff's permit application. The Commissioner maintains that the plaintiff is appealing because it is concerned that the Commissioner's finding that the odors constituted unreasonable pollution will be used against the plaintiff in the pending injunction action by the citizens referred to in the plaintiff's amended appeal. The Commissioner asserts that this concern is too speculative and insubstantial to meet the second prong of the two-part test for aggrievement.
In opposition, the plaintiff argues it has adequately alleged aggrievement in paragraphs 17 and 19 of its amended appeal; therefore, the plaintiff has a right to present evidence supporting its allegations at a hearing so the court may make a factual determination regarding aggrievement. The plaintiff further argues that the Commissioner is impermissibly seeking a review of the merits of the plaintiff's appeal on a motion to dismiss
In its memoranda, the plaintiff further articulates its claim of aggrievement. The plaintiff asserts that the Commissioner determined that the plaintiff's water treatment plant violated the standards set out in CEPA, and the plaintiff is now reckoning with this finding in the context of the injunction action brought by the local citizens. The plaintiff maintains that the Commissioner's finding of unreasonable pollution also gave rise to a permit condition and a subsequent administrative consent order that has clearly affected and continues to affect the plaintiff. The plaintiff also asserts that it is an agency of a municipality and the decision affects the way in which the local government is viewed by its citizens. The plaintiff, citing Mystic Marinelife Aquarium,Inc. v. Gill, 175 Conn. 483, 400 A.2d 726 (1978), also asserts that the CEPA statutes establish standing as a matter of law, and that it would be a "strange result" to allow an intervenor to appeal an adverse decision, but not allow the party seeking CT Page 7514 the permit to appeal an adverse determination by the Commissioner.
The parties have not cited any authority directly on point, and research reveals no Connecticut authority regarding aggrievement in an appeal in which a successful applicant is challenging a finding of fact made by the agency.
The court finds that the factual allegations in paragraphs 17 and 19 of the plaintiff's amended appeal are insufficient, standing alone, to support a finding of aggrievement. Contrary to the plaintiff's claim, the allegations in paragraphs 17 and 19 of the amended appeal are not factual allegations showing aggrievement, but are simply legal conclusions, unsupported by facts.
The court looks, however, to the other factual allegations in the amended appeal to see if those allegations, if proven, would support a finding of aggrievement. These factual allegations show that the Commissioner made a finding of unreasonable pollution, but found that no feasible or prudent alternative existed. In its appeal the plaintiff is contesting a factual finding of the Commissioner that did not prevent the Commissioner from granting the plaintiff's application. The plaintiff has not alleged any facts that show that the Commissioner's finding adversely affected the plaintiff. In its memoranda, the plaintiff asserts that this finding may adversely affect the plaintiff in the future with respect to the pending injunction action.
While the plaintiff alleges that the Commissioner imposed a condition in the permit regarding abatement of the odors, the plaintiff alleges in the same paragraph that it entered into an administrative consent order with respect to that condition and the Commissioner substituted the order for the condition. In this appeal, the plaintiff is not appealing the Commissioner's imposition of the condition and is not seeking any relief from that condition. Thus, the plaintiff's statement in its memoranda that the imposition of the condition adversely affects it would not support a finding of aggrievement.
The plaintiff's allegation that it is defending an injunction action brought by the citizens under CEPA alleging that the plaintiff's waste water treatment plant is a source of CT Page 7515 unreasonable pollution, is insufficient, standing alone, to support a finding of aggrievement. While a plaintiff need only show a possibility that its interest in the decision has been injuriously affected; see Light Rigging Co. v. Department ofPublic Utility Control, supra, 219 Conn. 173; this allegation of the plaintiff's amended appeal and any inferences that could be drawn from it constitutes mere speculation that the plaintiff's interests could be adversely affected in the future by the Commissioner's finding. Such a nebulous claim of possible future ramifications is insufficient to support a finding of aggrievement. "`Allegations and proof of mere generalizations and fears are not enough to establish aggrievement.'" Kelly v. FOIC, supra, 221 Conn. 312. A plaintiff must allege a legally protected interest that is concrete and actual, not merely one that is hypothetical. NewEngland Rehabilitation Hospital of Hartford, Inc. v. CHHC, supra, 226 Conn. 127 (A speculative loss of revenue is insufficient to establish aggrievement); see also State MedicalSociety v. Board of Examiners in Podiatry, supra, 203 Conn. 301. Here, the plaintiff has not alleged in its amended appeal any facts either supporting its contentions that the Commissioner's decision granting its permit application may or. will adversely affect the plaintiff in relation to the pending injunction action, or showing how the citizens' view of the local government may be adversely affected. Therefore, the court finds that the plaintiff has not alleged facts sufficient to establish aggrievement so as to entitle the plaintiff to a hearing to submit evidence of aggrievement.
Mystic Marinelife Aquarium, Inc. v. Gill, supra,175 Conn. 483, cited by the plaintiff, does not support the plaintiff's position. The plaintiff here is not an intervenor appealing a decision that it feels will result in unreasonable pollution under CEPA, thus obtaining standing pursuant to CEPA statutes to raise environmental concerns in an appeal. The plaintiff is a successful permit applicant appealing what the plaintiff deems an "adverse determination" by the Commissioner contained in the Commissioner's decision granting the requested permit. The plaintiff relies on Mystic Marinelife under the presumption that the determination of the Commissioner had an adverse effect on it. However, as stated above, the plaintiff has failed to articulate in its amended appeal any facts showing in which way the finding of unreasonable pollution in the Commissioner's decision granting the plaintiff's permit has adversely affected, or will affect, the plaintiff. CT Page 7516
CONCLUSION
For all the foregoing reasons, the plaintiff's appeal is hereby dismissed for lack of subject matter jurisdiction.
Hurley, J.