[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action are the plaintiff, Greg Champagne, and the State of Connecticut Psychiatric Security Review Board (PSRB). The plaintiff brings this action under the Uniform Administrative Procedures Act (UAPA), General Statutes §§ 4-166, et seq., 4-183. The case presents the issue of whether an acquittee under General Statutes § 53a-13, has the right to Superior Court review of a PSRB determination that his confinement should be in a maximum security setting. The court finds that the right does not exist in an administrative appeal CT Page 7244 context and dismisses this appeal for lack of subject matter jurisdiction.
The plaintiff, on February 4, 1988, was found not guilty by reason of mental disease or defect of the charge of murder, with respect to the death of his sister-in-law on December 1, 1986. As an acquittee pursuant to § 53a-13 the plaintiff was committed to the custody of the Commissioner of Mental Health for a period not to exceed sixty years.
The PSRB is charged under General Statutes § 17a-580, et seq., with the oversight of acquittees. The PSRB is an administrative agency of the state pursuant to the UAPA § 4-166 (1).
In reviewing the plaintiff's status, pursuant to General Statutes § 17a-585,[1] the PSRB held a hearing on July 26, 1996. In accordance with the requirement of § 17a-584, the PSRB determined after such hearing, by a decision dated September 6, 1996 (mailed September 9, 1996), that the plaintiff shall remain confined at the Whiting Forensic Division of Connecticut Valley Hospital for care, custody and treatment under maximum security conditions. The plaintiff brings this appeal from such decision. The appeal was filed October 23, 1996. Briefs were filed by the plaintiff on May 15, 1997 and the PSRB on July 7, 1997. The case was continued for hearing to June 4, 1998 at the request of the plaintiff's counsel. On the date set for hearing, the plaintiff's counsel was on trial on a criminal case. Counsel for the PSRB agreed to submit the case on the briefs. The plaintiff has waived oral argument.
The plaintiff brings this action pursuant to the UAPA. The appeal does not challenge the PSRB decision on the issue of confinement, but only the portion of the order requiring him to be confined under conditions of maximum security.[2]
The PSRB challenges the jurisdiction of the court to consider the issue of whether an acquittee should be confined under conditions of maximum security. The right to appeal an administrative decision is created only by statute and an appellant must exercise the right in accordance with the statute in order for the court to have jurisdiction. Marshall v. InlandWetlands Commission, 221 Conn. 46, 50 (1992); New EnglandRehabilitation Hospital of Hartford, Inc. v. CHRO, 226 Conn. 105,120 (1993). If the legislature has not created statutory authority for an appeal from an administrative agency, the CT Page 7245 Superior Court does not have jurisdiction to hear the appeal.Figueroa v. CS Ball Bearing, 237 Conn. 1 (1996); Killingly v.Connecticut Siting Council, 220 Conn. 516, 522 (1991); Toise v.Rowe, 44 Conn. App. 143, 146 (1997).
The PSRB decision resulted from a § 17a-585 review which requires the board to make a finding and act pursuant to §17a-584.
Section 17a-584 requires the PSRB to make a finding of the acquittee's mental condition and order one of three options; discharge from custody, conditional release from custody or continued confinement. In this case, the PSRB found the plaintiff to be suffering from a psychiatric disability to the extent that his discharge or conditional release would constitute a danger to himself or others. Thus, it ordered his continued confinement as required after such finding under § 17a-584.
General Statutes § 17a-597[3] provides for administrative appeals to the Superior Court only as to PSRB decisions under subsection (2) (conditional release) or (3) (confinement) of § 17a-584; and § 17a-587 (temporary leaves).
The continuation of the plaintiff's placement at a maximum security facility is not a § 17a-584 decision. The scope of § 17a-584 is limited to a mental condition finding, a dispositional decision (discharge, conditional release or confinement); and within confinement decisions, a placement in either a hospital for psychiatric disabilities or with the Commissioner of Mental Retardation.
The placement within the hospital for psychiatric disabilities is neither a § 17a-584 or § 17a-587
decision. It is rather a decision pursuant to § 17a-599, which requires that when the PSRB determines that an acquittee must be confined, it must also determine whether the acquittee is so violent as to require confinement under conditions of maximum security.
The court lacks jurisdiction under § 17a-597 in that the maximum security placement is not a § 17a-584 or § 17a-587
decision; from which an administrative appeal would be allowed.
Additionally, the plaintiff is not entitled to review under CT Page 7246 § 4-183 (a). Section 4-186 (f)[4] specifically confines judicial review of PSRB decisions to those decisions described in § 17a-597. As previously noted, § 17a-597 does not give the court jurisdiction over this appeal.
The appeal is dismissed.
Robert F. McWeeny, J.