[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON INTERVENING DEFENDANT'S MOTION TO DISMISS
The intervening defendant, Chancellor Media Corporation ("Chancellor"), has moved, pursuant to Practice Book §§ 10-30
and 10-31 (1), to dismiss the plaintiffs' complaint. Chancellor argues that the plaintiffs lack standing because they are not aggrieved persons pursuant to General Statutes § 8-8 (a)(1); and therefore, this court has no subject matter jurisdiction over CT Page 6232 the plaintiffs' administrative appeal.
According to the plaintiffs' complaint, the Hartford City Council, acting as the zoning authority, granted Chancellor's (formerly Martin Media, LLP) application to allow the erection of billboards, a non-conforming use, on land publicly owned by the city of Hartford. The plaintiffs are property owners and tax payers in the city of Hartford. The plaintiffs are concerned with the effects the billboards will have on business, business growth and aestheticism, and contend that billboard growth is counterproductive to an improved neighborhood and business health. The complaint alleges that the Hartford City Council acted illegally, arbitrarily and in abuse of the powers vested in it as the zoning authority in granting the application.
Chancellor filed its motion to dismiss, dated March 22, 1999, alleging that the plaintiffs lack standing. The City of Hartford did not join the motion and did not appear for oral argument. The plaintiffs filed an untimely memorandum of law in opposition, see Practice Book § 10-31(b), on the date of oral argument, May 10, 1999. General Statutes § 8-8 (j) provides in pertinent part: "[a]ny defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving his standing." If a party is found to lack standing, the court is without jurisdiction to determine the cause of action. Tomlinsonv. Board of Education, 226 Conn. 704, 717-18 (1993); Lewis v.Swan, 49 Conn. App. 669, 674 (1998). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded. . . ." (Citations omitted; internal quotation marks omitted.)Connecticut Assn. of Boards of Education, Inc. v. Shedd,197 Conn. 554, 558 (1985). In count one of the complaint, the plaintiffs claim that they "are aggrieved because they have a specific and demonstrated legal interest in the subject matter of the decision" and that "as law-abiding, taxpaying owners of property in the City of Hartford", they have been "injuriously affected". (Complaint, count one, p. 2, ¶ 4.) In count two of the complaint, the plaintiffs appeal as taxpayers and largely re-allege the claims found in count one of the complaint. CT Page 6233
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal, and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) Munhall v. InlandWetlands Commission, 221 Conn. 46, 51 (1992).
In this appeal, the plaintiffs are not statutorily aggrieved pursuant to General Statutes § 8-8 (a)(1) since none of the plaintiffs owned land that "abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1). Chancellor submitted an affidavit which addressed the distances from the plaintiffs' lands to the subject properties. The closest land owner-plaintiff is William Howard whose property is approximately 1,200 feet from the closer property in question. The plaintiffs have submitted nothing to contradict that evidence.
The plaintiffs correctly point out that all taxpayers in a municipality have standing to appeal a zoning decision involving the sale of liquor in that community, Jolly, Inc. v. Zoning Boardof Appeals, 237 Conn. 184 (1996), and members of the general public are allowed to intervene in certain environmental protection actions. Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 489-90 (1978). In the present case, however, the underlying decisions involved neither the sale of liquor nor an environmental protection issue. The plaintiffs have cited no legal authority which would support an extension of standing to members of the public in a zone change case before a zoning commission.
The plaintiffs suggest that standing to members of the public should be extended under these circumstances because of what they view as a "corrupt decision" on the part of the Hartford City Council acting as the zoning commission. Having examined the exhibits and authorities submitted by the plaintiffs, this court finds no support for that argument. Mere generalizations and fears do not prove that these plaintiffs are aggrieved.Caltabiano v. Planning Zoning Commission, 211 Conn. 662, 668
(1989). CT Page 6234
Based on all of the foregoing, this court finds that the plaintiffs are not aggrieved, and accordingly, the defendant's motion to dismiss based on lack of subject matter jurisdiction is granted.
So ordered.
Michael Hartmere, Judge