[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal arising out of the approval of an application by the defendant Conservation Commission/Inland Wetland Agency of the Town of Watertown (Agency).[1] On August 29, 1996, the defendant Konover submitted an application to the Agency in order to conduct regulated activities. (Appeal, ¶ 4; Answer, ¶ 6.) Specifically, the application sought modification of a construction and drainage permit. (Appeal, ¶ 6, 10; Answer ¶ 6, 10.)
The plaintiff in this appeal filed a Verified Notice of Intervention under General Statutes § 22a-19 on September 12, 1996. (Appeal, ¶ 5.) The Agency approved the application on January 16, 1997 and notice of the decision was published in theTown Times on January 23, 1997. (Appeal, ¶ 22; Answer, ¶ 22.)
On December 17, 1997, the defendant Agency filed a motion to dismiss based on subject matter jurisdiction for lack of standing. The Agency argued that the plaintiff did not allege a right of appeal independent of § 22a-19 and that § 22a-19 only permits intervention in existing actions, not the initiation of new actions. The motion was denied by the court on June 2, 1998.Rubin v. Conservation Commission/Inland Wetland Agency of theTown of Watertown, Superior Court, judicial district of Waterbury, Docket No. 137827 (June 2, 1998, Kulawiz, J.) CT Page 7766
The defendant Konover filed a motion to dismiss on November 19, 1998 based on lack of subject matter jurisdiction for lack of standing. On December 14, 1998, Judge Leheny conducted a hearing on the motion and ruled that "because the claim is lack of aggrievement and [there is] a possible split of opinion in the Superior Court, this court leaves to the court hearing the evidence at the hearing on the merits the issue of jurisdiction." (Order, dated December 18, 1998.)
Konover renewed its motion to dismiss and oral arguments were heard by this court in March, 1999. Konover's arguments are identical to the arguments advanced before Judge Leheny, namely, that the court lacks subject matter jurisdiction because the plaintiff's status as intervenor does not confer the right to bring an independent appeal; that the plaintiff would not suffer prejudice because he has intervened in a separate appeal brought by the Middlebury Conservation Commission; that General Statutes § 22a-19 alone is an insufficient means to maintain an appeal; and that the plaintiff must advance the proper statutory authority for an appeal. (Konover's Memorandum in Support of Motion to Dismiss, pp. 6-8.) The plaintiff argues that he has the legal right to appeal the defendant Agency's decision under §22a-19, which is part of the Environmental Protection Act of 1971 (EPA), General Statutes §§ 22a-14 to 22a-20.[2] (plaintiff's Memorandum in Opposition, pp. 4-9.)
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "In ruling upon . . . a motion to dismiss, a court must take the facts to be those alleged in the complaint. construing them in a manner most favorable to the pleader. . . ." (Citation omitted; internal quotation marks omitted.) Lawrence Brunoli. Inc. v. Town ofBranford, 247 Conn. 407, 410, __ A.2d __ (1999)
"Standing is the legal right to set the judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the CT Page 7767 controversy. . . ." (Citation omitted; internal quotation marks omitted.) Munhall v. Inland Wetlands Commission, 221 Conn. 46,55, 602 A.2d 566 (1992). "The question of standing is essentially one of aggrievement. . . ." (Citation omitted.) Id., 54. "The question of standing implicates a court's subject matter jurisdiction and, as such, may be raised at any time during the proceedings. . . ." (Citation omitted; internal quotation marks omitted.) "Where a party lacks standing to appeal, the court is without subject matter jurisdiction . . . (Citation omitted.)Marine Midland Bank v. Ahern, 51 Conn. App. 790, 796, __ A.2d __ (1999)
Section 22a-19 "allows a member of the general public to intervene in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action. . . . Although intervention is allowed, it is strictly limited to the raising of environmental issues. . . . By permitting such intervention, the [EPA] confers standing to private persons to bring actions to protect the environ ment. . ." (Citations omitted.) Connecticut Water Co. v.Beausoleil, 204 Conn. 38, 44-45, 526 A.2d 1329 (1987).
The plaintiff argues that he is entitled to bring the action by virtue of § 22a-19, and because our Supreme Court has not expressly denied a party the right to bring an independent action and quotes T. Tondro, Connecticut Land Use Regulation, 2d Ed., p. 549, for the proposition that the EPA provides standing: "The Environmental Protection Act [Conn. Gen. Stat. §§ 22a-14 through22a-20] waives the aggrievement requirement if the plaintiff alleges that harm will occur to the public trust in the air, water or other natural resources of the state." (Plaintiff's Memorandum in Opposition, pp. 4-5.)
However, the court, contrary to plaintiff's position and the decision of June 2, 1998 (Kulawiz, J.) denying the Agency's motion to dismiss, is of the opinion that "Section 22a-19 is not a statute creating an independent right of appeal, but merely allows participation in an appeal taken and authorized by another statute, such as section 8-8. Intervention before the administrative agency also does not establish aggrievement for purposes of [an] appeal." (Footnotes omitted.) R. Fuller, 9 Connecticut Practice Series, Land Use Law and Practice (1998 Pocket Part) § 36.2, p. 92. Recent Superior Court cases have denied an intervenor the right to initiate an action. "Section22a-19 allows party intervention in another pending action, but CT Page 7768 does not authorize the filing of an independent action and provides no remedy . . . By contrast, General Statutes § 22a-16, the only section of [the EPA] which provides for an independent basis for standing for an action in superior court, only authorizes a party to seek declaratory and equitable relief."Roth v. Woodbury Zoning Board, Superior Court, judicial district of Litchfield, Docket No. 073986 (Feb. 3, 1998, Pickett, J.); see also Hyllen-Davey v. Plan and Zoning Commission of the Town ofGlastonbury, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 579967 (Jul. 10, 1998, McWeeny, J.); Taftville Reservoir Preservation Group v. NorwichCommission on City Planning, Superior Court, judicial district of New London at Norwich, Docket No. 108604 (Mar. 13, 1997, Booth, J.); Lauver v. Canterbury Planning Zoning Commission, Superior Court, judicial district of Windham at Putnam, Docket No. 054607 (May 19, 1998, Booth, J.); Doyle v. Commissioner ofEnvironmental Protection, Superior Court, judicial district of Middlesex at Middletown, Docket No. 59945 (Apr. 5, 1991, Arena,J.)
Moreover, as argued by the defendant Konover, the plaintiff will not be prejudiced if this court grants the motion to dismiss because the plaintiff has intervened in another appeal arising out of these facts.
In any event, the court is of the opinion that the plaintiff lacks standing and therefore grants the defendant Konover's motion to dismiss.
Thomas G. West, J.