[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiffs, Edward B. Wysocki, Alice R. Wysocki, Michael Bongiovanni, Barbara Segura, James D. Donahue, Mary Donahue, Richard C. Joy, and Joyce M. Joy, appeal from the decision of the defendant, the Ellington Inland Wetland Agency/Conservation Commission (the commission), granting the defendant, William Saxon, a permit to conduct regulated activities within an area of influence and/or wetlands for the purpose of constructing a driveway. The commission acted pursuant to General Statutes § 22a-42a (d)(1). The plaintiff's appeal pursuant to General Statutes § 22a-43 (a).
On December 4, 2000, pursuant to General Statutes § 22a-43 (b), Saxon filed a motion to dismiss the appeal on the ground that the plaintiffs, Edward B. Wysocki and Alice R. Wysocki (the Wysockis), do not have standing to bring the appeal. Pursuant to Practice Book §10-31, Saxon filed a memorandum of law in support of the motion to dismiss and the Wysockis filed a memorandum of law in opposition to the motion to dismiss. Both parties filed reply memoranda.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "[A]ggrievement implicates the court's subject matter jurisdiction." Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184,192, 676 A.2d 831 (1996). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the CT Page 3490 complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
"It is fundamental that appellate jurisdiction in administrative appeals is created only by statute and can be acquired and exercised only in the manner prescribed by statutes. . . . Pleading and proof that the plaintiffs are aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal." (Citations omitted; internal quotation marks omitted.)Munhall v. Inland Wetlands Commission, 221 Conn. 46, 50, 602 A.2d 566
(1992). "Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact." Water Pollution ControlAuthority v. Keeney, 234 Conn. 488, 493, 662 A.2d 124 (1995). General Statutes § 22a-43 (b) provides, in pertinent part, that "[a]t the hearing on [a] motion to dismiss, each appellant shall have the burden of proving standing to bring the appeal. The court may, upon the record, grant or deny the motion."
Saxon argues that the Wysockis are not statutorily aggrieved within the meaning of General Statutes § 22a-43 (a) because the Wysockis' property is not within a radius of ninety feet of the wetland or watercourse involved in the decision of the commission. Saxon claims that only the portion of the watercourse that is located on his land is considered the watercourse involved in the decision for the purposes of General Statutes § 22a-43 (a). Saxon claims that the Wysockis' property is over 90 feet from Saxon's property and thus, more than 90 feet from the watercourse that is the subject of the commission s decision.
The Wysockis argue that General Statutes § 22a-43 (a) refers to the wetland or watercourse involved in the decision. The Wysockis claim that the watercourse involved in the commission's decision begins on their property and flows down to Saxon's property. Accordingly, the Wysockis argue that their property is within 90 feet of the watercourse involved in the decision.
"[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . Ordinarily, if the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . ." Office of Consumer Counsel v. Dept. ofPublic Utility Control, 246 Conn. 18, 29, 716 A.2d 78 (1998). General Statutes § 22a-43 (a) provides, in pertinent part, that "[t]he commissioner or any person aggrieved by any regulation, order, decision, or action . . . or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or CT Page 3491 watercourse involved in any regulation, order, decision, or action made pursuant to said sections may . . . appeal to the superior court for the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district." Based on the plain language of the statute, the court finds that a person owning or occupying property within 90 feet of the watercourse or wetland involved in a decision, regulation, or action is statutorily aggrieved.
The court finds further support in General Statutes § 8-8 (a)(1), which governs zoning appeals. General Statutes § 8-8 (a)(1) defines an aggrieved person as "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The legislature could have used the same language when defining aggrieved persons in General Statutes § 22a-43 (a). The legislature, however, defined aggrieved persons as those individuals owning or occupying land that abuts the land or is within a radius of ninety feet of the wetland or watercourse involved in any decision. The legislature did not say within a radius ninety feet of the land or within a radius of ninety feet of the portion of the watercourse located on the land involved in the decision of the commission. Therefore, the court concludes that the legislature clearly intended to include in the class of aggrieved persons under § 22a-43 (a) those individuals owning land within a radius of ninety feet of the watercourse involved in the decision, regardless of the distance from the property that is subject to the permit.
There is no appellate authority on the issue of statutory aggrievement under General Statutes § 22a-43 (a). There are, however, Superior Court decisions on the issue of statutory aggrievement under General Statutes § 22a-43 (a). In DeAngelis v. Waterbury Inland Wetlands Watercourses Commission, Superior Court, judicial district of Waterbury, Docket No. 132755 (May 16, 1997, Pellegrino, J.), the court, Pellegrino, J., accepted the prior ruling of Judge Sullivan on a motion to dismiss. The court, Sullivan, J., had "found that because the plaintiff owned land abutting the Mad River, the same river which runs through the property subject to this appeal, even though his land was approximately [.75] to [1.5] miles from the instant property that he was nonetheless aggrieved." Id. At the hearing on the motion to dismiss, the court, Sullivan, J., had stated that "the court does find from the evidence that in fact the plaintiff does own property that is within a radius of ninety feet from the watercourse, and the watercourse is in fact the river." Id.
In Hathaway v. Inland Wetland Watercourse Commission, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034332 (April 3, 1991, Fuller, J.) (3 Conn.L.Rptr. 426), the plaintiffs CT Page 3492 appealed the decision of the inland wetland and watercourse commission of the town of Orange granting a permit for the filling of land and related construction activities. The plaintiffs lived in the general area of the property that received the permit. Id. The court held that the plaintiffs were not statutorily aggrieved because "none of the plaintiffs' properties abut or are within a radius of 90 feet of the subject property." Id., 427.
The court finds that DeAngelis v. Waterbury Inland Wetlands Watercourses Commission, supra, Superior Court, Docket No. 132755, is more persuasive because that court, Sullivan, J., had based its decision on the plain language of General Statutes § 22a-43 (a). In Hathawayv. Inland Wetland Watercourse Commission, supra, 3 Conn.L.Rptr. 426, the court found that an aggrieved person must own property within ninety feet of the subject property despite the absence of such language in the statute. Saxon claims that the present case is distinguishable fromDeAngelis v. Waterbury Inland Wetlands Watercourses Commission, supra, Superior Court, Docket No. 132755, because the parties in that case conceded that there would be an effect on the plaintiff's property. There is, however, nothing in the decision to suggest that the court based its decision on concessions by the parties.
The present case is similar to DeAngelis v. Waterbury Inland Wetlands Watercourses Commission, supra, Superior Court, Docket No. 132755, because the same watercourse flows from the Wysockis' property to Saxon's property. The Wysockis plead aggrievement in the appeal by stating that their property is within a radius of ninety feet of the watercourse involved in the commission's decision. Additionally, Edward Wysocki avers that the watercourse begins on his property, flows through the property of his neighbor, plaintiff Suprenant, and continues through an 18" C.M.P. pipe onto Saxon's property. (Plaintiff's Affidavit, ¶¶ 7-8.) The Wysockis also submitted a map and corresponding photographs of the watercourse. Based on this information, the court finds that the watercourse on the Wysockis' property is the same watercourse involved in the decision of the commission. Accordingly, the court finds that the Wysockis are statutorily aggrieved because their property is within a radius of ninety feet of the watercourse involved in the commission's decision.
The Wysockis also claim that they are classically aggrieved. It is unnecessary for the court to address whether the Wysockis are classically aggrieved because the court finds that they are statutorily aggrieved within the meaning of General Statutes § 22a-43 (a). The defendant's motion to dismiss is denied.
Klaczak, J. CT Page 3493