[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO DISMISS
Plaintiffs Laurie Julian, Paula Jones, and Kevin Gough appeal the decision of the defendant planning and zoning commission granting the application of defendant Cottage Grove Real Estate, Inc. for a change in the zoning of certain property owned by defendants Connecticut General Life Insurance Company and ConGen Properties, Inc. in the town of Bloomfield. The defendants have moved to dismiss the appeal, asserting that the court lacks jurisdiction over the subject matter. With respect to plaintiffs Jones and Gough, the court finds the issues raised by this motion in favor of the defendants. With respect to plaintiff Julian, the court finds the issues in favor of plaintiff Julian.
The property involved in this appeal is that described in the letter dated June 18, 2001, including attachments, from the attorney for the corporate defendants to the court, and as agreed to by the plaintiffs in their letter to the court dated June 21, 2001.
The defendants contend that plaintiffs Jones and Gough have failed to plead and prove aggrievement. These plaintiffs concede that they are not statutorily aggrieved. They assert, however, that they have sufficiently pleaded and established so-called classical aggrievement.
Classical aggrievement has been repeatedly defined by our courts. "The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interested . . . has been adversely affected." (Citations and internal quotation marks omitted).Light Rigging Co. v. Dept. of Public Utility Control, 219 Conn. 168, 173
(1991).
In their complaint, Jones and Gough allege they are aggrieved by the commission's decision "because they are landowners, as well as taxpayers of Bloomfield, and members of the Wintonbury Historical Society, Connecticut Trust for Historic Preservation and/or National Trust for Historic Preservation, and therefore, have a special interest in CT Page 10339 preserving the architecturally renowned Wilde and Emhart buildings and its site from demolition and destruction, as proposed by the Master Plan of Development."
At the hearing on this motion to dismiss, Jones and Gough did not present any additional facts in support of their claim of aggrievement. In their brief in opposition to this motion to dismiss, however, they assert that their personal and legal interest in the commission's decision is distinguishable from that of the general public in that all members of the public do not belong to the organizations mentioned in the complaint.
An individual's general interest as a resident and taxpayer in the enforcement of the town's zoning regulations is not sufficient to confer aggrievement. Munhall v. Inland Wetlands Commission, 221 Conn. 46, 53
(1992).
The plaintiffs' allegations that they are members of certain organizations, even if proved, do not confer aggrievement. "An association has standing to bring suit on behalf of its members when . . . its members would otherwise have standing to sue in their own right. . . ." Connecticut Assn. of Health Care Facilities v. Worrell,199 Conn. 605, [199 Conn. 609], 616 (1986). It follows that a member who is not aggrieved in his or her own right cannot bootstrap aggrievement from the organization. Plaintiffs Jones and Gough simply have not shown how their personal and legal interests in the commission's decision are any different from those of any other member of the public. They may disagree more strenuously with the decision than many members of the general public, but that does not differentiate their legal interests in the decision from others in the community.
Since plaintiffs Jones and Gough are not statutorily aggrieved and have not established that they are classically aggrieved, the defendants' motion to dismiss is granted with respect to them.
This court previously determined in a companion case that plaintiff Julian is statutorily aggrieved with respect to an inland wetlands commission decision involving the property in question. See Julian v.Inland Wetlands and Watercourses Commission of Bloomfield et al, Superior Court, judicial district of Hartford at Hartford, Docket No. CV00 059 93 08 (July 17, 2001, Maloney, J.). Facts found in that case establish that she owns property within one hundred feet of land involved in the decision of the commission in this case. She is, therefore, aggrieved pursuant to the provisions of Conn. Gen. Stats. sec. 8-8 (a)(1). CT Page 10340
The defendants contend that Julian's appeal must be dismissed on the further ground that it is untimely. The court disagrees.
The facts relevant to the defendants' contention on this issue are not in dispute. Portions of the property involved were originally zoned R20. The defendants determined that a change to a DDZ zone would be necessary in order to accommodate the planned development of the property. Applicable regulations, however, prohibited a change from an R20 zone directly to a DDZ zone, but the regulations did allow a change from an R20 zone to an RB20 zone and from an RB20 zone to a DDZ zone. Accordingly, the defendants applied to the commission, requesting the change from R20 to RB20 to DDZ. The commission convened public hearings on the defendants' application, which took place on various dates between July 19, 2000 and October 26, 2000. On September 27, 2000, the commission granted the application for a change of zone from R20 to RB20, and it published its decision on October 2, 2000. On October 26, 2000, the commission granted the change of zone from RB20 to DDZ, and it published that decision on November 1, 2000.
The plaintiffs brought this appeal of the commission's actions by proper service on November 14, 2000. In their complaint, they allege that the commission acted illegally in granting the change in zone from R20 to DDZ.
The time limit for service of process is fifteen days after publication of the decision which is the subject of the appeal. Conn. Gen. Stats. sec. 8-8 (b). Failure to comply with that time limit is a jurisdictional defect depriving the court of subject matter jurisdiction. The defendants argue that the commission did not grant a change in zone from R20 to DDZ, but rather granted the change from R20 to RB20. Since publication of that change occurred on October 2, 2000, the service of process in this case on November 14 would be well past the statutory deadline of fifteen days.
The defendants' contention is based on a misreading of the complaint, however. In essence, the basis of the plaintiffs' appeal is their claim that the zone change to DDZ was the result of an illegal circumvention of the regulations prohibiting a direct change from R20 to DDZ. That is to say, the plaintiffs are claiming that the ultimate change to DDZ was illegal. They are entitled to make that claim and base their appeal on it. The defendants' argument is essentially aimed at the merits of the plaintiffs' claim on appeal. It does not, however, support an attack on jurisdictional grounds. Since the commission s decision with regard to the DDZ change, which is the subject of the appeal, was published on November 1, the service of process on November 14 was within the fifteen day deadline. CT Page 10341
For all of the foregoing reasons, the motion to dismiss is granted with respect to the appeal of plaintiffs Jones and Gough; the motion is denied with respect to plaintiff Julian.
In accordance with Practice Book section 14-7, the commission shall file the record on or before August 31, 2001; the defendants shall file their answers on or before August 31, 2000; the plaintiff shall file her brief on or before October 1, 2001; and the defendants shall file their briefs on or before November 30, 2001.
Maloney, J.