WATER POLLUTION CONTROL AUTHORITY OF THE TOWN
OF STONINGTON *v.* TIMOTHY R. E. KEENEY,
COMMISSIONER OF ENVIRONMENTAL
PROTECTION
(15174)

PETERS, C. J., and BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued April 18—decision released July 25, 1995

*Richard S. Cody,* with whom, on the brief, was *Joseph B. Mathieu,* for the appellant (plaintiff).

*David H. Wrinn,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

BORDEN, J. The sole issue in this appeal[1] is whether the plaintiff, the Stonington water pollution control authority, whose application for a sewage discharge permit was granted by the defendant, the commissioner of the department of environmental protection, was aggrieved by the defendant's concomitant finding that odors emitted by the plaintiff's sewage treatment plant constituted unreasonable pollution. In order to challenge that concomitant finding, the plaintiff appealed to the trial court from the decision of the defendant granting the permit. The trial court granted the defendant's motion to dismiss the administrative appeal for lack of subject matter jurisdiction on the ground that the plaintiff was not aggrieved, and the plaintiff appealed.

The plaintiff asserts that, even though the defendant had granted the permit sought by the plaintiff, the court had subject matter jurisdiction because: (1) the plaintiff was aggrieved by the finding of unreasonable pollution due to the collateral consequences of such a finding; and (2) the Connecticut Environmental Protection Act (act); General Statutes § 22a-14 et seq.; provides an independent basis for standing in this case. We are unpersuaded and, accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are undisputed. The plaintiff operates a waste water treat-

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

ment plant that discharges treated sewage into the Pawcatuck River. Pursuant to General Statutes § 22a-430 (a),[2] the plaintiff applied to the Connecticut department of environmental protection for a renewal of its discharge permit. See General Statutes § 22a-430. The defendant appointed a hearing officer, who held a public hearing at which several citizens objected to the permit on the ground that the treatment plant was a source of odors. After the close of the hearing, one or more of the citizens filed a petition for intervention pursuant to General Statutes § 22a-19,[3] asserting that

---

[2] General Statutes § 22a-430 (formerly § 25-54i) provides in relevant part: "PERMIT FOR NEW DISCHARGE. REGULATIONS. RENEWAL. SPECIAL CATEGORY PERMITS OR APPROVALS. LIMITED DELEGATION. GENERAL PERMITS. (a) No person or municipality shall initiate, create, originate or maintain any discharge of water, substance or material into the waters of the state without a permit for such discharge issued by the commissioner. Any person who initiated, created or originated a discharge prior to May 1, 1967, and any municipality which initiated, created or originated a discharge prior to April 10, 1973, for which a permit has not been issued pursuant to this section, shall submit an application for a permit for such discharge on or before July 1, 1987. Application for a permit shall be on a form prescribed by the commissioner, shall include such information as the commissioner may require and shall be accompanied by a fee of twenty-five per cent more than the amount established in regulations in effect on July 1, 1990. On and after July 1, 1991, such fees shall be as prescribed by regulations adopted by the commissioner in accordance with chapter 54. The commissioner shall not issue or renew a permit unless such issuance or renewal is consistent with the provisions of the federal Clean Water Act (33 USC 1251 et seq.)."

[3] General Statutes § 22a-19 provides: "ADMINISTRATIVE PROCEEDINGS. (a) In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the attorney general, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.

"(b) In any administrative, licensing or other proceeding, the agency shall consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the state and no conduct shall be authorized or approved which does, or is reason-

the odors from the treatment plant constituted unreasonable pollution under the act. The petition was granted, and the hearing officer considered the substantive allegations therein.

In his proposed final decision, the hearing officer found that the evidence in the record did not support the conclusion that the odors constituted unreasonable pollution. The hearing officer also determined that there was no reasonable or prudent alternative to the continued operation of the treatment plant. Accordingly, the hearing officer recommended the renewal of the permit.

At oral argument as to whether the defendant should accept the hearing officer's proposed final decision, the plaintiff requested that the hearing be reopened to allow the plaintiff to submit evidence regarding the allegations in the intervenors' petition. The defendant denied this request and subsequently issued his final decision on the plaintiff's application.

In his final decision, the defendant did not accept the hearing officer's proposed finding that the odors did not constitute unreasonable pollution under the act. The defendant, instead, determined that the testimony at the public hearing supported a finding of unreasonable pollution. The defendant nevertheless issued the permit, with a condition addressing the odor problems, because there was no feasible and prudent alternative to the continued operation of the plant. Subsequently, after the plaintiff had agreed to undertake certain measures to address the odors, an administrative consent order was substituted for that condition and the permit was reissued without any condition relevant to the odor problem.

ably likely to, have such effect so long as, considering all relevant surrounding circumstances and factors, there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare.''

The plaintiff appealed to the trial court, claiming that the finding of the defendant that the odor problem constitutes unreasonable pollution was improper in several respects.[4] The trial court granted the defendant's motion to dismiss the administrative appeal for lack of subject matter jurisdiction, on the ground that the plaintiff was not aggrieved by the final decision of the defendant. This appeal followed. ·

The plaintiff claims that because it was aggrieved, the trial court improperly dismissed the administrative appeal. Specifically, the plaintiff claims aggrievement because: (1) the defendant's finding of unreasonable pollution will be prejudicial to the plaintiff in its defense of a citizens' action that was subsequently filed seeking an injunction against the plaintiff's continued operation of the treatment facility, and in future permit application proceedings before the defendant; and (2) the existence of the citizens' action, based upon the finding of unreasonable pollution, "has an adverse effect on the [plaintiff] by diminishing its stock in the eyes of the Town's local citizens." Alternatively, the plaintiff, relying on § 22a-19 (a); see footnote 3; which grants statutory standing to a citizen acting in defense of the public trust in the environment, claims that the act provides it with an independent basis for standing. We are unpersuaded by all these claims.

"It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction. *Mun-*

[4] Specifically, the plaintiff claimed that the defendant's final decision and findings were: "(i) in violation of constitutional or statutory provisions; (ii) in excess of the statutory authority of the agency; (iii) made upon unlawful procedure; (iv) affected by other errors of law; (v) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; and (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

*hall* v. *Inland Wetlands Commission*, 221 Conn. 46, 50, 602 A.2d 566 (1992)." *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, 226 Conn. 105, 120, 627 A.2d 1257 (1993). The plaintiff agrees that the right to appeal from the decision of the defendant is created by General Statutes § 4-183 (a), which provides that "[a] person who has exhausted all administrative remedies available within the agency *and who is aggrieved* by a final decision may appeal to the superior court as provided in this section. . . ." (Emphasis added.)

"Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care*, 214 Conn. 726, 729, 573 A.2d 736 (1990); *Zoning Board of Appeals* v. *Freedom of Information Commission*, 198 Conn. 498, 501, 503 A.2d 1161 (1986). Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. *Olsen* v. *Inland Wetlands Commission*, 6 Conn. App. 715, 718, 507 A.2d 495 (1986). Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. *Park City Hospital* v. *Commission on Hospitals & Health Care*, 210 Conn. 697, 702, 556 A.2d 602 (1989); *Olsen* v. *Inland Wetlands Commission*, supra [719]; *Ribicoff* v. *Division of Public Utility Control*, 38 Conn. Sup. 24, 26–27, 445 A.2d 325 (1980), aff'd, 187 Conn. 247, 445 A.2d 324 (1982). In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction. *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care*, supra, 729–30; *Local 1303 & Local 1378* v. *Freedom of Information Commission*, 191 Conn. 173, 177, 463 A.2d 613 (1983).

"The test for determining aggrievement is a two part inquiry: [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . *Cannavo Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 47, 478 A.2d 601 (1984); *State Medical Society* v. *Board of Examiners in Podiatry*, 203 Conn. 295, 299–300, 524 A.2d 636 (1987); *Bakelaar* v. *West Haven*, 193 Conn. 59, 65, 475 A.2d 283 (1984)." (Internal quotation marks omitted.) *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, supra, 226 Conn. 120–21.

The defendant concedes that the plaintiff met the first prong of the aggrievement test, namely, that it has a specific personal and legal interest in the subject matter of the defendant's decision to issue the permit. The defendant asserts, and the trial court agreed, however, that the plaintiff did not meet the second prong because it had not been specially and injuriously affected by the defendant's decision.

The plaintiff's claim that it is aggrieved because of potential collateral consequences of the defendant's finding of unreasonable pollution is resolved by our recent holding in *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 659 A.2d 148 (1995). In that case, we adopted the view of the Restatement (Second) of Judgments § 28 (1) that " '[a]lthough an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [when the] party against whom preclusion is sought could not, as

a matter of law, have obtained review of the judgment in the initial action . . . ." *Commissioner of Motor Vehicles* v. *DeMilo & Co.,* supra, 268, quoting 1 Restatement (Second), supra, § 28 (1). "Such cases can arise, for example . . . because the law does not allow review of the particular category of judgments." 1 Restatement, supra, § 28, comment (a).

The finding by the defendant of unreasonable pollution, therefore, is not preclusive of relitigation on that issue in subsequent litigation between the plaintiff and the intervenors, who are now bringing an independent action seeking an injunction against the continued operation of the treatment facility, or between the plaintiff and the defendant in the determination of future permit applications. Accordingly, because the finding of unreasonable pollution does not preclude relitigation of that issue if that determination is not appealable, the plaintiff's feared preclusive effect of the finding of unreasonable pollution is not enough, in and of itself, to constitute aggrievement and render an otherwise unappealable determination appealable.[5]

We are also unpersuaded that the plaintiff is aggrieved because the finding of unreasonable pollution, which the plaintiff claims led to the subsequent citizen action, "has an adverse effect on the [plaintiff] by diminishing its stock in the eyes of the Town's local citizens." Although the plaintiff is correct that " '[a]s long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great . . . [and] need not be primarily economic' ";

---

[5] The plaintiff also claims that even if the defendant's finding of unreasonable pollution has no preclusive effect in future litigation or permit applications, it will be prejudiced by the admission of the finding into evidence in the independent action. The plaintiff has not proven, however, that the commissioner's finding of unreasonable pollution would be admissible in that action. Because the admissibility of the finding is, at this stage, purely speculative, the plaintiff has not met its burden of demonstrating aggrievement.

*Board of Pardons* v. *Freedom of Information Commission*, 210 Conn. 646, 649, 556 A.2d 1020 (1989); we conclude that the plaintiff's concerns do not constitute a direct injury.

The cases relied upon by the plaintiff involved decisions that, although not economically affecting the appellants, had direct and substantial impacts on those parties. In *Board of Pardons* v. *Freedom of Information Commission,* supra, 210 Conn. 650, we determined that the "board [of pardons (board) had] a legitimate institutional interest in the integrity of its decision-making process" and was therefore aggrieved by an order of the freedom of information commission (commission) that would have required the board to conduct its deliberations in public except under narrowly delimited circumstances. The commission order at issue, we concluded, "gave rise to a colorable claim of injury to a central aspect of the board's functions." Id., 651. Similarly, in *Kelly* v. *Freedom of Information Commission,* 221 Conn. 300, 603 A.2d 1131 (1992), we concluded that the chief state's attorney was aggrieved by a decision of the commission requiring the disclosure of an arrest report during the pendency of a criminal prosecution. We reached that conclusion because of the order's effect on existing discovery processes and because of the chief state's attorney's "present interest in the unimpeded prosecution of criminal cases," which would have been affected by the order. Id., 313–14.

Unlike those cases, however, the plaintiff in this case has not identified any specific effect of the defendant's finding of unreasonable pollution on its functioning. Rather, it has offered a speculative concern that, even if true, would not rise to the level of aggrievement. " 'Allegations and proof of mere generalizations and fears are not enough to establish aggrievement.' "[6] Id., 312.

---

[6] The plaintiff cannot establish aggrievement by virtue of having to defend the citizen action, which, it claims, arose because of the finding of unrea-

Alternatively, the plaintiff argues that even if it does not meet the two-pronged aggrievement test, the act provides it with statutory standing to appeal from the finding of unreasonable pollution. The plaintiff claims that because this court has recognized that citizens who defend the public trust in environmental resources by appearing in an administrative proceeding have statutory standing to appeal; see *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 489, 400 A.2d 726 (1978); we should extend statutory standing to their opponents, namely, persons who seek to use the natural resources and have been adversely affected by an agency decision. We decline to do so.

First, we fail to see why a person who seeks to use environmental resources and who has been adversely affected by an agency decision would not meet the two-pronged aggrievement test. The plaintiff has not met this test because, as we concluded above, it has not been adversely affected by the defendant's decision. The plaintiff applied for a permit to use natural resources and received that permit. Accordingly, even if we were to accept the plaintiff's argument that a person who seeks to use natural resources and has been adversely affected by an agency decision has statutory standing, the plaintiff would not fit within that class of persons.

Moreover, our conclusion that the act provides standing to appeal to intervenors in administrative proceedings who seek to protect the public trust in natural resources was based on our conclusion that "[o]ne basic purpose of the [act] is to give persons standing to bring actions to protect the environment." Id., 489. The plain-

sonable pollution. The plaintiff offered no proof beyond mere assertion that the defendant's finding of unreasonable pollution caused the citizen action. "Pleading and *proof* of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." (Emphasis added.) *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* supra, 226 Conn. 120.

tiff urges us to turn this concept on its head by recognizing such extraordinary statutory standing for the opponents of those who seek to protect the environment. We decline to do so. "A statute is not to be interpreted to thwart its purpose." Id. Contrary to the assertion of the plaintiff, a party who seeks to use the natural resources of the state does have a remedy comparable to the citizen's remedy: if its interests are affected such that it meets the two-pronged aggrievement test, it can appeal. In this case, if the defendant had made a finding of unreasonable pollution and had *denied* the permit application, the plaintiff would have been aggrieved under the two-pronged test.

The judgment is affirmed.

In this opinion the other justices concurred.