[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff sought a variance from the Zoning Board of Appeals to build a new staircase and second floor addition. The defendant Zoning Board held a hearing, after which it voted by a vote of 3 to 2 to deny the variance. This appeal followed.
The court held a hearing on November 9, 1999. Both sides appeared by attorneys and were heard. No testimony was taken.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established. We must CT Page 16165 determine whether the trial court correctly concluded that the board's act was not arbitrary, illegal or an abuse or discretion." "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a frill hearing . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. (Citations omitted; internal quotation marks omitted.) Whitaker v. Zoning Board of Appeals, 179 Conn. 650,654, 427 A.2d 1346 (1980).
"A variance constitutes permission to act in a manner that is otherwise prohibited under the zoning law of the town."
"It is well established, however, that the granting of a variance must be reserved for unusual or exceptional circumstances." An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has an other properties in the zone. Accordingly, we have interpreted General Statutes (Rev. To 1993) § 8-6 to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." Bloom v Zoning Board of Appeals,233 Conn. 198, 205-208.
"Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an CT Page 16166 administrative appeal. In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction." (Citations omitted) Water Pollution ControlAuthority v. Keeney, 234 Conn. 488, 493.
"A person does not become aggrieved until the board has acted. Upon appeal, he must establish his aggrievement, and the court must decide whether he has sustained the burden of proving that fact. It was a question of fact for the court to determine." (Citations omitted) J.R. Stich Associates, Inc. v. Town Council,155 Conn. 1, 3.
"The test for determining aggrievement is a two part inquiry: [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision" . . . WaterPollution Control Authority, supra, 494.
The plaintiff offered arguments for the hardship. "Proof of the existence of such a hardship is a condition precedent to the granting of such variance as were granted by the defendant board." Nash v. Zoning Board of Appeals. 165 Conn. 576, 577.
The plaintiff alleges that failure to grant the variance will infringe on his right to have his son live with him. The East Haven Zoning Regulations empowers the defendant Board to hear applications for variance "solely with respect to a parcel of land . . . a literal enforcement would result in exceptional difficult or unusual hardship. " (§ 8-6, Connecticut General Statutes) The board has no authority over the occupancy by a designated individual. "Hardships in such instances as these do not arise from the application of zoning regulations, per se, but from zoning requirements coupled with an individual's personal needs, preference and circumstances. Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239, 240. The court deems it necessary to dismiss the remaining issues as plaintiffs brief does not address itself to those issues. Curry v. Planning and Zoning, 34 Conn. Sup. 52,55. Furthermore, the land contains a non conforming use, and the CT Page 16167 issue may be moot. See Guilford v. Landon, 146 Conn. 178, 183.
The Board voted by a vote of 3-2 against the application citing "no hardship"
The appeal is dismissed.
Robert P. Burns, J.T.R.