[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Frederick Edelstein, from a June 19, 2001 decision of the defendant, State Codes and Standards Committee of the Department of Public Safety ("the committee"), dismissing the plaintiffs appeal for lack of jurisdiction under General Statutes §29-252 (d). The plaintiff appeals to the Superior Court pursuant to General Statutes §§ 29-252 (d) and 29-266 (d).
The following facts are relevant to the present appeal. The plaintiff resides at 74 Boardwalk, Groton Long Point, Connecticut. In 1998, the plaintiff complained to the building inspector of Groton Long Point Association's alleging that an "antenna" installed on the roof of a neighbor's home located two houses away from the plaintiffs property violated the state building code ("the code"). The "antenna" was installed in the early 1980's and is estimated to be eighteen feet high. (Return of Record ("ROR"), Item 1, pp. 1-2.) Subsequently, the plaintiff also complained about the "antenna", pursuant to General Statutes §29-252 (d), to the State Building Inspector.[1] (ROR, Item 1, p. 2.) The plaintiff contended that the "antenna" violated the code under § 3109 and was subject to removal for improper height, and did not fall under § 3108 of the code covering radio towers. The State Building Inspector concluded, however, that the "antenna" was not a roof-mounted antenna," which would require a permit pursuant to § 3109 of the code; but rather was a "radio tower" with an attached antenna, which did CT Page 2461 not require a permit pursuant to section 3108 of the code.
After receiving written notice of the State Building Inspector's decision, the plaintiff appealed to the committee under the provision of General Statutes § 29-252 (d), which provides: "Any person aggrieved by any determination or order by the State Building Inspector under this subsection may appeal to the Codes and Standards Committee within fourteen days after mailing of the decision or order." The committee subsequently held a hearing on September 13, 2000. (ROR, Item 3, Transcript.)
At the hearing, the plaintiff made his argument on his interpretation of the Building Code sections. He also testified that the lots were 40 feet in width; his house did not abut the subject property; and there was one house between his and the subject house. (ROR, Item 3, p. 4.) The plaintiffs lot was 41 feet from the subject house and the antenna was 18 feet in height. (ROR, Item 3, pp. 8, 11.) When questioned by the committee chairman regarding his "standing" to bring the appeal, the plaintiff responded that he was a neighbor and claimed that the antenna created a hazard to public safety because the beach area was subject to hurricanes and flooding. (ROR, Item 3, p. 4-5.) When questioned if the plaintiff was concerned that the antenna would strike his house if it were to fall down, he responded "No." The plaintiff noted that the antenna presented a threat to the public space near his home. (ROR, Item 3, p. 6.) The plaintiff further testified that his power lines are buried under ground and would not be affected if the antenna fell off the roof and onto the street below. (ROR, Item 3, p. 17.)
While he stated that he was concerned that he or family members, or his house, might be struck by the antenna during a hurricane, (ROR, Item 3, p. 16), his main reason for bringing the appeal was to change the State Building Inspector's erroneous view of the law that: "If the State passes laws it is the responsibility of the officials of this state to enforce the laws, and this is State law." (ROR, Item 3, p. 16; pp. 5-6.)
Based upon this evidence, the committee found that the plaintiff was not aggrieved as required by § 29-252 (d) and his appeal was dismissed. This appeal to the Superior Court followed. Aggrievement is thus the central issue in this case because it is required for an appeal to the committee as well as in an administrative appeal under § 4-183.New England Rehabilitation Hospital of Hartford, Inc. v. CHHC,226 Conn. 105, 120 (1993) (issue of aggrievement is one of subject matter jurisdiction).
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming CT Page 2462 aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . ., has been adversely affected. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Assn. Inc. v. DPUC,247 Conn. 95, 103 (1998).
A "specific personal and legal interest" cannot be demonstrated by allegations of "mere generalizations and fears." Crone v. Gill,250 Conn. 476, 480 (1999), citing Water Pollution Control Authority v.Keeney, 234 Conn. 488, 496 (1995). As the court in Nizzardo v. StateTraffic Commission, 55 Conn. App. 679, 687 (1999), aff'd, 259 Conn. 131
(2002) stated: "[T]he plaintiff offered no evidence that his safety, as a member of the public, would in any way be at risk by the [proposed activity], and his testimony simply revealed speculative fears that there would be `adverse impacts upon his . . . interest.' [A]ll community members `particularly those living, or occupying land, in the immediate vicinity of the particular state highway, are interested in the public safety of that highway system; however, that general interest alone is not the `specific, personal, and legal interest' necessary for aggrievement, permitting an appeal from a determination regarding public safety rendered by the [commission]." (Citations omitted.) Id.
Nizzardo also confirms that the issue is a question of fact and "the burden is on the plaintiff to demonstrate aggrievement. . . ." Id., 686. The determination of aggrievement in this case must be drawn from the record developed before the agency or allowed as evidence in this court pursuant to § 4-183 (i). State Library v. Freedom of InformationCommission, 240 Conn. 824, 832 (1997).
Here, the plaintiff claims to be aggrieved because he seeks to obtain a more favorable interpretation of the law than he received from the State Building Inspector. He raises the possibility that the antenna might fall down, but cannot explain how the antenna will land on his property, over forty feet away. He fears that the antenna "will become a missile" in a wind storm, and speculates that his family might be hit by the antenna, but he also admits that his interest is no greater than any other homeowner in the entire beach neighborhood. There is also no scientific evidence before the court that any condition of the antenna renders it dangerous in stormy weather.[2] This record is thus insufficient to establish that the plaintiff has a specific personal and legal interest CT Page 2463 in the subject matter.
In the absence of aggrievement, the appeal is dismissed.
Henry S. Cohn, Judge