KIMBERLY ALBRIGHT-LAZZARI ET AL. *v.*
COMMISSIONER OF CHILDREN
AND FAMILIES
(AC 29373)
(AC 30418)

DiPentima, Beach and Stoughton, Js.*

Argued January 20—officially released April 13, 2010

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Kimberly Albright-Lazzari*, pro se, the appellant (named plaintiff in AC 29373 and AC 30418).

*Anthony Lazzari*, pro se, the appellant (plaintiff in AC 29373).

*Stephen G. Vitelli*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (defendant in AC 29373 and AC 30418).

*Opinion*

PER CURIAM. The plaintiffs, Kimberly Albright-Lazzari and Anthony Lazzari, appeal from the judgments of the trial court dismissing their appeal from the administrative decision of the department of children and families (department).[1] The plaintiffs' administrative appeal challenged the department's substantiation of claims against Kimberly Albright-Lazzari of emotional neglect of her child and the placing of her name on the central child abuse and neglect registry (registry) maintained by the defendant, the commissioner of chil-

[1] Although the administrative appeal of Anthony Lazzari was dismissed for lack of jurisdiction and the administrative appeal of Kimberly Albright-Lazzari was dismissed on the merits, the plaintiffs, who have appeared pro se throughout these proceedings, have filed a joint brief with this court, which consolidated their appeals.

dren and families, pursuant to General Statutes § 17a-101k. We affirm the judgments of the trial court.

Our review of the entire record, the briefs and the exhibits reveals the following facts and procedural history. Kimberly Albright-Lazzari was the mother of a four year old son when she and Anthony Lazzari met. The plaintiffs subsequently married, and, after they began living together as husband and wife, a daughter was born to them. After various referrals and investigations, on or about May 25, 2004, the department substantiated claims of emotional and physical neglect of her son by Kimberly Albright-Lazzari and physical neglect of their daughter by both plaintiffs. The plaintiffs appealed the substantiation decision and on April 23, 2007, the department conducted an administrative hearing to resolve the respective appeals.

On July 2, 2007, the department's hearing officer issued a final decision upholding the substantiation of emotional neglect by Kimberly Albright-Lazzari of her son but rejecting the substantiation of physical neglect of the two children by both plaintiffs. The hearing officer also concluded that Kimberly Albright-Lazzari poses a risk to the health, safety and well-being of children and placed her name on the registry. Both plaintiffs filed an administrative appeal from the hearing officer's final decision pursuant to General Statutes § 4-183.

On October 19, 2007, the defendant filed a motion to dismiss the administrative appeal as to Anthony Lazzari for lack of subject matter jurisdiction. Specifically, the defendant claimed that Anthony Lazzari was not aggrieved by the department's final decision because he had prevailed at the administrative hearing. The court granted the defendant's motion to dismiss, from which both plaintiffs filed an appeal to this court with docket number AC 29373.[2] Thereafter, the trial court issued a

[2] The defendant moved to dismiss AC 29373 on the ground that the appeal was not taken from a final judgment. The motion was granted except as to

memorandum of decision in which it dismissed Kimberly Albright-Lazzari's appeal on the merits. The court found, inter alia, that there was sufficient evidence to support the department's substantiation of emotional neglect and concluded that she had failed to demonstrate that the defendant erred in placing her name on the central registry. Kimberly Albright-Lazzari filed an appeal from that decision with docket number AC 30418. Additional facts will be set forth as necessary.

I

AC 29373

The plaintiffs filed their administrative appeal from the final decision of the department's hearing officer pursuant to § 4-183 (a), which provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency *and who is aggrieved* by a final decision may appeal to the Superior Court . . . ." (Emphasis added.) "Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.) *Water Pollution Control Authority* v. *Keeney*, 234 Conn. 488, 493, 662 A.2d 124 (1995).

As set forth previously, Anthony Lazzari prevailed at the department hearing, as the department's hearing officer rejected the claims of physical and emotional neglect against him. He contends, nevertheless, that he is aggrieved by the defendant's decision to place his wife's name on the registry because his wife's name is hyphenated to include his own last name.

---

Anthony Lazzari's challenge to the court's granting of the defendant's motion to dismiss for lack of subject matter jurisdiction.

Anthony Lazzari's name does not appear on the central registry. Although his wife's name includes his surname, the two surnames are different. Furthermore, were we to accept his argument, anyone with an identical surname to an individual listed in the central registry conceivably would be aggrieved pursuant § 4-183. Such a conclusion defies logic and common sense. Accordingly, because Anthony Lazzari prevailed at the department hearing and has not indicated how his interests are otherwise affected by the decision, he was not aggrieved.[3] See *Windham Taxpayers Assn.* v. *Board of Selectmen*, 234 Conn. 513, 523, 662 A.2d 1281 (1995). As a result, the court properly granted the defendant's motion to dismiss his administrative appeal for lack of subject matter jurisdiction.

II

AC 30418

Kimberly Albright-Lazzari has raised numerous statutory, constitutional and factual challenges to the decision to dismiss her administrative appeal. These consist mainly of unsupported allegations and conclusions, coupled with the denial of facts found by the hearing officer. To the extent that these claims were raised in the trial court, we have reviewed the entire record and the memorandum of decision and conclude that they were correctly decided.

Judicial review of the final decision of an agency pursuant to § 4-183 (j) is extremely limited. "Neither the trial court nor this court may substitute its own judgment for the defendant's as to the weight of the

---

[3] In his brief, Anthony Lazzari also claims that the hearing officer's decisions have a substantial impact on "unlawful juvenile matters concerning [their] two children." This claim was not raised before the trial court, and, therefore, we will not afford it review. See *United Technologies Corp.* v. *Commission on Human Rights & Opportunities*, 72 Conn. App. 212, 223–24, 804 A.2d 1033, cert. denied, 262 Conn. 920, 812 A.2d 863 (2002).

evidence on questions of fact. Instead, we limit our inquiry to whether, in view of all of the evidence, the substantial rights of the plaintiff have been prejudiced because the administrative record lacked substantial evidence to support the defendant's findings of fact or because the defendant, in issuing [the] decision and order, acted unreasonably, arbitrarily, illegally or in abuse of . . . discretion." (Internal quotation marks omitted.) *American Car Rental, Inc.* v. *Commissioner of Consumer Protection*, 273 Conn. 296, 308, 869 A.2d 1198 (2005). The burden is on the plaintiff to demonstrate that the factual conclusions were not supported by the weight of substantial evidence on the record. *Board of Education* v. *Commission on Human Rights & Opportunities*, 266 Conn. 492, 504, 832 A.2d 660 (2003).

The record discloses that the hearing officer substantiated claims of neglect by Kimberly Albright-Lazzari of her son as follows: "[She] is a person responsible for her son's care. The boy was living with her at the time of the incidents that led to his removal from her care. The [d]epartment has proven that she denied him proper emotional care and attention, which resulted in an adverse emotional impact and a serious disregard for his emotional welfare. The events occurring in the first half of 2004 culminated in the incident on September 23, 2004, at the Bristol Hospital [e]mergency [d]epartment, in which [Kimberly Albright-Lazzari] was acting very inappropriately. She would not accept that the physician could not find any abnormalities or injuries to the child from being sexually abused. She was insisting that the boy undergo an invasive procedure. She claimed there was a conspiracy that included the [d]epartment, to allow [another individual] to sexually abuse the child again. Her bizarre behavior led the hospital to invoke a [ninety-six] hour hold and call the police and the [d]epartment. She then instructed [her

son] to resist and kick the police. . . . [Kimberly Albright-Lazzari's] ongoing conduct . . . that eventually led to his removal, denied [her son] proper care and attention, resulted in an adverse impact to the child and was a serious disregard for his emotional welfare." The record also fully supported the conclusion that her documented attitude and behavior indicated that Kimberly Albright-Lazzari poses a risk to the health, safety and well-being of children, warranting inclusion on the registry. Accordingly, we agree with the court that the record contained substantial evidence supporting the department's conclusion regarding emotional neglect by Kimberly Albright-Lazzari and the defendant's inclusion of her name on the registry.

We are mindful of the fact that the plaintiffs have represented themselves throughout the proceedings and have considered carefully the entire record and the briefs and arguments of the pro se plaintiffs in light of their position as such. Nevertheless, we conclude that the trial court did not abuse its discretion and that it properly dismissed the administrative appeal of Kimberly Albright-Lazzari.

The judgments are affirmed.